MEYER v. POCKROS.

*Real property—Discrepancy in description—Monuments control over courses and distances—Adverse possession not established by mowing lawn, etc.—Title by possession by constructing garage and driveway—Injunction.*

1. Where there is a discrepancy in the description of property in a deed, fixed and permanent monuments control over courses and distances.
2. The taking care of a strip of land adjacent to one's property by mowing the grass, keeping the weeds down, etc., is not sufficient to establish title by adverse possession.
3. Where plaintiff and defendant each claim title to the same strip of land and both fail to prove ownership by their muniments of title, plaintiff, who has taken possession thereof and constructed a garage and concrete driveway thereon, is entitled to an injunction as against the defendant, restraining defendant from interfering with plaintiff's possession of the land.

(Decided January 7, 1924.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Frank R. Gusweiler,* for plaintiff.
*Mr. Max M. Schiff,* for defendant.

HAMILTON, J. This case is here on appeal from a decision of the Court of Common Pleas of Hamilton county.

Plaintiff claims title to a five-foot strip of ground, under two causes of action. She first claims title by prescription; second, by deed, asserting a discrepancy in measurements due to an alteration in the street.

She alleges that she has constructed a concrete driveway and a garage on the five-foot strip in

question, and that the defendant threatens to tear up and destroy the cement driveway, and threatens to occupy the strip of ground against the right of the plaintiff. She prays for an injunction restraining the defendant from molesting, interfering, or disturbing her in the occupation and possession of such strip of land, and for equitable relief.

The defendant in his answer denies the claims of plaintiff, and claims to be the owner in fee simple of the strip of ground in question.

The property is in the city of Cincinnati, and lies in the block bounded on the east by Highland avenue, on the north by Oak street, and on the west by Bellevue avenue. The lot of the defendant is on the southwest corner of Highland avenue and Oak street, fronting 52 feet on Highland avenue, and extending back along Oak street. The lot is described in defendant's deed as follows:

"The realty situate in the city of Cincinnati, county of Hamilton, state of Ohio, and being part of lot thirty-seven (37) in William Burnett's subdivision in Section 14, Township 3, Fractional Range 2, Miami Purchase, and more particularly described as follows, to-wit:

"Beginning at the southwest corner of Highland Avenue and Oak Street; thence running southwardly along the westerly line of Highland Avenue fifty-two (52) feet; thence running westwardly on a line parallel with Oak Street one hundred and sixty-two (162) feet, to what is known as the Jason Evan's east line produced; thence running northwardly with said line fifty-two (52) feet to the southerly line of Oak Street; thence running eastwardly along the southerly line of Oak Street one hundred and sixty-two (162) feet to Highland

Avenue and the place of beginning, being the same premises conveyed to the grantor by deed recorded in Deed Book 1092, page 159, of the Hamilton County, Ohio, records.''

It will be noted that the description in this deed of the defendant refers to the deed to the grantor recorded in Deed Book 1092, page 159, Hamilton county, Ohio, records. The deed to the defendant's grantor describes the lot as follows:

''Beginning at the southwest corner of Highland Avenue and Oak Street, thence running southwardly along the line of Highland Avenue fifty-two (52) feet; thence running westwardly on a line parallel with Oak Street one hundred and sixty-two (162) feet more or less to what is known as the Jason Evan's line produced; thence running northwardly with said line fifty-two (52) feet to the southerly line of Oak Street; thence running eastwardly along the southerly line of Oak Street one hundred and sixty-two (162) feet more or less to Highland Avenue and the place of beginning.''

Plaintiff's lot lies immediately back of the defendant's lot and adjacent to the five-foot strip in dispute, fronting on Oak street, and is described as follows:

''All that certain lot of land situate, lying and being in the County of Hamilton and State of Ohio, and in William Burnett's Subdivision of lots in Millcreek Township of said County, in Section 14, Third Township and Second Fractional Range in the Miami Purchase as recorded in Book 112, page 621 of the said Hamilton County, Ohio records, commencing at a point in the south line of Oak Street one hundred and sixty-two and one-half (162½) feet west of the southwest corner of Oak

Street and Highland Avenue, thence running west along the south line of said Oak Street, fifty (50) feet, thence south on a line parallel with said Highland Avenue, one hundred and sixty-eight (168) feet more or less, thence east on a line parallel with said Oak Street, fifty (50) feet, thence north on a line parallel with said Highland Avenue, one hundred and sixty-eight (168) feet to the south line of said Oak Street, the place of beginning, being part of lots 36 and 27 in said Burnett's Subdivision; being the same property conveyed to the grantor herein by deed recorded in Deed Book 1084, page 503, of the records of Hamilton County, Ohio.''

It will be noted that under plaintiff's deed the beginning point is in the south line of Oak street, one hundred and sixty-two and one-half feet west of the southwest corner of Oak street and Highland avenue, running westwardly fifty feet, and makes no mention of the Jason Evan's line projected. The Jason Evan's line is an established and well recognized line in the chain of title in the several lots in the subdivision, and is referred to in the description of all the deeds to lots adjacent thereto, with the single exception of plaintiff's deed. This line, then, under the evidence, must be considered as a permanent and fixed monument, and, if applicable to the situation, must be considered as controlling as against distances, if a discrepancy appears. It is the rule that monuments control courses and distances. The evidence shows clearly and conclusively that the Evan's line projected to Oak street intersects Oak street at a point one hundred and fifty-seven feet from

the corner of Oak street and Highland avenue. As above stated, the beginning point in the deed of plaintiff is one hundred and sixty-two and one-half feet from the corner of Highland avenue and Oak street, and, is, therefore, five and one-half feet west of the Jason Evan's line produced. Plaintiff, therefore, under her deed, cannot rightfully claim title to the five and one-half foot strip. A change in the street affecting distances is not established. But can the defendant claim title to this strip of ground? His deed calls for a depth of one hundred and sixty-two feet on Oak street to what is known as the Jason Evan's east line produced. We have found the true distance to the Jason Evan's line produced to be one hundred and fifty-seven feet from the corner of Highland avenue and Oak street.

Defendant's deed refers to and states the lot to be the same premises conveyed to the grantor of Pockros by deed recorded in Deed Book 1092, page 159. That deed is in evidence and described defendant's lot by stating the south line to be one hundred and sixty-two feet more or less to the east line of the Jason Evan's line produced; thence northwardly with said line fifty-two feet to the southerly line of Oak street; thence eastwardly, etc.

The deeds use the Jason Evan's line as the monument or the controlling western boundary. This must be held to be the limit of the depth of the defendant's lot, notwithstanding the actual measurement is one hundred and fifty-seven feet. One hundred and sixty-two feet more or less to the Jason Evan's line could mean only that the western boundary line is the Jason Evan's line. There-

fore, neither plaintiff nor defendant has shown by their muniments of title ownership of the five-foot strip of ground.

Plaintiff also claims to be the owner of the strip by adverse possession, extending over a period of thirty-two years. The evidence of adverse possession is very meager. The ground seems to have been an open yard between the two properties. Plaintiff testifies that she had taken care of the strip in the mowing of the grass, keeping the weeds down, etc. This is not sufficient to establish title by adverse possession. However, the evidence does show conclusively that the plaintiff took possession of this strip of ground when she constructed her driveway and garage covering the strip. She not only took possession of it, but she has builded thereon. The Evan's line projected extends along the east edge of her concrete driveway, and is shown by an iron pin set immediately adjoining the east side of her concrete driveway at the junction with Oak street, one hundred and fifty-seven feet west of the corner of Highland avenue and Oak street.

The only right claimed by defendant to this strip is under his deed, which, we have shown, does not include the strip in question.

Having taken possession of the strip by the construction of her concrete driveway and the garage thereon, is she entitled to a restraining order against the defendant? Possession itself is a species of title, of the lowest grade it is true, yet it is good against all who cannot show a better, and by the lapse of time may become, under the statute, perfect and indefeasible. McNeely v. Langan, 22 Ohio St., 32. The defendant, not showing

a better title than the possession of the plaintiff, the plaintiff, as against him, is entitled to the injunction prayed for.

A decree may be prepared enjoining the defendant from molesting plaintiff in her possession of the strip of land in question.

*Injunction allowed.*

Cushing and Buchwalter, JJ., concur.