OPINION
{¶ 1} Plaintiffs-appellants Thomas and Sharon Zinsmeister appeal from the February 21, 2003, Journal Entry of the Knox County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Wayne Township Board of Trustees.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellants and appellee are the owners of adjoining real property located in Wayne Township, which is in Knox County, Ohio. Appellee's immediate predecessor in title was the Dorema Community Club which, pursuant to a quit claim deed, transferred the property to appellee on August 22, 1966. The quit claim deed stated, in part, as follows:
 {¶ 3} "Being a part of the lot on which Susanna Campbell and Daniel Campbell formerly resided — bounded on the West Line of said lot and on the Northwest side of the State Road and occupying the ground on which the old School House stood and bounded as between the former lands of Samuel Dixon and Richard Campbell, deceased, and running along the State Road toward Fredericktown far enough to include one-eighth part of an acre, being at right angles with the State Road, running back from said road until it strikes the line between Samuel Dixon and Richard Campbell, deceased.
 {¶ 4} "The above described real estate is described on the Knox County Auditor's Tax duplicate as follows:
 {¶ 5} "R-14, T-7, Q-4 N. Pt. of 20 .125 acres"
 {¶ 6} Appellee's property has been used as the Wayne Township House since 1966 and the Township Garage since 1967.
 {¶ 7} In turn, appellant Thomas Zinsmeister moved to his property with his parents in 1962 and has lived there continuously since such time. Pursuant to a warranty deed filed on August 11, 1980, the subject property was transferred to appellants by appellant Thomas Zinsmeister's mother. The warranty deed states, in part, as follows:
 {¶ 8} "Being a certain tract or parcel of land situated in the Northwest corner of lot Number 2, in Quarter 4, Township 7, Range 14, U.S.M. lands in said Knox County, Ohio, bounded and described as follows: Commencing on the North side of Lot No. 21 in the center of the Columbus and Fredericktown Road and thence West along the North line of said Lot to the northwest corner thereof, thence South along the West line of said Lot to the Northwest corner of the School House lot (now or formerly); thence Southeast on the North line of the School House lot to the center of said road; thence in a Northeast direction along the center of said road to the place of beginning. The tract hereby conveyed containing 4 acres, more or less.
 {¶ 9} "Save and except 5464 square feet conveyed to Paul L. Debolt and Edith Debolt in said Lot 21 leaving the amount of land hereby conveyed 3.875 acres according to the Tax Duplicate of the Auditor of Knox County, Ohio." There currently is a home located on appellants' property.
 {¶ 10} No metes and bounds description has ever been prepared for either appellant's or appellee's property.
 {¶ 11} Not only appellants and appellee, but the general public believed that the boundary line between the two properties was along a line of trees growing to the east of the Wayne Township House.
 {¶ 12} On October 5, 2001, appellants filed a complaint in ejectment against appellee in the Knox County Court of Common Pleas. Appellants, in their complaint, alleged, in relevant part, as follows:
 {¶ 13} "3. Upon information and belief, the Defendant has taken possession of a portion of the Plaintiff's property.
 {¶ 14} "4. At some time prior to April 9, 2001, the Plaintiffs began to contemplate the future of their property and had their land surveyed to confirm the boundary lines.
 {¶ 15} "5. Upon information and belief, and by official survey on April 9, 2001, it became clear that the Defendants were in possession of a portion of the Plaintiff's property.
 {¶ 16} "6. The Defendants, independently and via legal counsel, have been notified on multiple occasions between April and the filing of this case, that they are not welcome on property owned by the Zinsmeisters.
 {¶ 17} "7. The Plaintiffs have never leased or otherwise given possession, dominion, or control over the property to the Defendant.
 {¶ 18} "8. To date, the Defendants have not proceeded in a good faith manner in resolving the differences between the parties, and, moreover, have not vacated the portion of the Plaintiff's property that they occupy.
 {¶ 19} "9. The plaintiffs are entitled to possession of the entirety of their real property."
 {¶ 20} Appellee, in an answer filed on November 15, 2001, claimed that it owned the subject property through adverse possession and that appellants' claim was barred by the twenty one year statute of limitations contained in R.C. 2305.04.[1]
 {¶ 21} After appellee filed a Motion for Summary Judgment, appellants filed a memorandum in opposition to the same. As memorialized in a Journal Entry filed on February 21, 2003, the trial court granted appellee's Motion for Summary Judgment, finding that there were no genuine issues of material fact in dispute.
 {¶ 22} It is from the trial court's February 21, 2003, Judgment Entry that appellants now appeal, raising the following assignment of error:
 {¶ 23} "The Trial Court erred in granting defendant's motion for summary judgment."
 STANDARD OF REVIEW {¶ 24} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 25} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264.
 {¶ 26} It is pursuant to this standard that we review appellants' assignment of error.
 I {¶ 27} Appellants, in their sole assignment of error, argue that the trial court erred in granting appellee's Motion for Summary Judgment. We disagree.
 {¶ 28} At issue in this case is whether appellee acquired title to a portion of appellants' property by adverse possession. To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years. Grace v. Koch,81 Ohio St.3d 577, 580-581, 1998-Ohio-607, 692 N.E.2d 1009. It "is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character." Humphries v. Huffman (1878),33 Ohio St. 395, 402. In addition, the occupancy "must be such as to give notice to the real owner of the extent of the adverse claim." Id. at 404. Actual notice of adverse possession on the part of the title owner is not required since "[t]he owner is charged with knowledge of adverse use when one enters into open and notorious possession of the land under a claim of right." Vanasdal v. Brinker (1985), 27 Ohio App.3d 298, 299,500 N.E.2d 876.
 {¶ 29} Appellee, in support of its Motion for Summary Judgment, attached an affidavit from Mary Ellen Hazen. Hazen, in her affidavit, stated, in relevant part, as follows:
 {¶ 30} "1. That she moved to 9335 Sparta Road, in Wayne Township, Knox County, Ohio, in 1957, when she as 4 years old; lived there until after she graduated from Fredericktown High School; and still lives in Wayne Township.
 {¶ 31} "2. That her house was very near the former Dorema Community Center, which is now the Wayne Township House, and she was then, and is now, familiar with the property.
 {¶ 32} "3. The she knows Thomas Zinsmeister, who grew up, and now lives, in the house located immediately East of the Wayne Township House and Garage.
 {¶ 33} "4. That the building that was the Dorema Community Center, and is now the Wayne Township House, has been in the same location during the entire time she has lived in Wayne Township.
 {¶ 34} "5. That she has attended numerous community events held at the Dorema Community Center and the Wayne Township House.
 {¶ 35} "6. That the boundry line between the Dorema Community Center/Wayne Township House and the Zinsmeister property is now, and always has been, considered to be the line of trees to the East of the Community Center.
 {¶ 36} "7. That the Board of Wayne Township Trustees has used the former Dorema Community Center for township purposes continuously since 1966. The use of the property by the township is well known in the community, and community members view the property as being owned by the township. No other person or entity uses the property without the consent of the Township Trustees.
 {¶ 37} In addition, appellant Thomas Zinsmeister, during his deposition,[2] testified that, until he had his property surveyed in April of 2001, he was never sure where his property line was although "[t]here's a tree line that goes down through there that we thought was close to it." Deposition of Thomas Zinsmeister at 13. Appellant Thomas Zinsmeister further testified that appellee used the area from the tree line towards and around the Wayne Township House without asking appellants' permission and that appellee had the grass mowed in the area. The following testimony was adduced when appellant Thomas Zinsmeister was asked whether "there [has] been a gap in the period of time . . . since the township took control of the property that they have not used it:
 {¶ 38} "A. No.
 {¶ 39} "Q. Okay. For all purposes, has the township used it as their own property during — ever since they took control of the property?
 {¶ 40} "A. Yes.
 {¶ 41} "Q. Okay. Did they hold township meetings there, as far as you know?
 {¶ 42} "A. Yes, all kind of meetings there, not just township meetings.
 {¶ 43} "Q. And other people come to those and park in the parking lot?
 {¶ 44} "A. Yes.
 {¶ 45} "Q. Okay. And that has gone on since — as far as you can remember?
 {¶ 46} "A. Yes. In fact, some of the meetings they even parked clear down through here.
 {¶ 47} "Q. Okay.
 {¶ 48} "A. Which is way past the tree line.
 {¶ 49} "Q. Okay. People coming to the meetings would park there because there wasn't enough room in the parking lot, I would assume?
 {¶ 50} "A. Yes, I would assume.
 {¶ 51} "Q. Have you ever told the trustees not to allow anybody to park in the parking lot?
 {¶ 52} "A. No.
 {¶ 53} "Q. Have you ever told the trustees not to allow anybody to park along the road?
 {¶ 54} "A. No, . . ." Deposition of Thomas Zinsmeister at 17-18.
 {¶ 55} Moreover, the following testimony was adduced when appellant Sharon Zinsmeister was asked, during her deposition, if she has lived in her house continuously since 1980:
 {¶ 56} "Q. And have you lived in there continuously since that time —
 {¶ 57} "A. Yes.
 {¶ 58} "Q. — with your husband? Have you ever told the township trustees or any other township official, either verbally or in writing, to get off your property, in essence?
 {¶ 59} "A. No.
 {¶ 60} "Q. Okay. Up until the time of the survey and the township notifying you that the deed didn't extend over as far as they had originally thought, did you think that the township owned the property roughly on the other side of the tree line?
 {¶ 61} "A. I — yeah, I guess. I mean, I never really knew. I always thought that there was a tree line. I knew the tree line came down here, but I thought it extended on down this way, because we cut down some trees that had fence in it. But, other than that, I never questioned anything.
 {¶ 62} "Q. Okay. They being the — they used it as if it were their own, whether it was or not —
 {¶ 63} "A. Right.
 {¶ 64} "Q. — ever since you lived there?
 {¶ 65} "A. Un-hmm. Deposition of Sharon Zinsmeister at 6-7. Appellant Sharon Zinsmeister further testified that appellee had used the subject property continuously with no gaps since such time and that her daughter was paid by appellee to mow the property for two summers.
 {¶ 66} Based on the foregoing, we find that the trial court did not err in granting appellee's Motion for Summary Judgment since appellee proved, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use of the subject property, which is west of the line of trees, for a period of twenty-one years. There was evidence that appellee has used the subject property openly and continuously since the late 1960's and that appellee maintained the same. Appellants argue that mowing grass is insufficient to prove adverse possession for the disputed portion of appellants' property. However, we concur with appellee that, since appellee's entire tract is only 0.672 acre and contains a parking area, the Wayne Township House and Garage, "[t]he maintenance of the remaining grassy area is consistent with Appellee's exclusive use of the entire tract." Moreover, while appellants and the general public may have mistakenly believed, until the survey was conducted in April, 2001, that the subject property was appellee's, "[t]he doctrine of adverse possession protects one who has honestly entered and held possession in the belief that the land was his own, as well as one who knowingly appropriates the land of others for the purpose of acquiring title." Vanasdal, supra. at 299.
 {¶ 67} Appellants' sole assignment of error is, therefore, overruled.
 {¶ 68} Accordingly, the judgment of the Knox County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Wise, J., concur.
[1] R.C. 2305.04 states as follows:
An action to recover title to or possession of real property shall be brought within twenty-one years after the cause of action accrued, but if a person entitled to bring the action is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person, after the expiration of twenty-one years from the time the cause of action accrues, may bring the action within ten years after the disability is removed.
[2] The depositions of both appellant Thomas Zinsmeister and appellant Sharon Zinsmeister were filed with the trial court.