OPINION
{¶ 1} Appellants/Cross-Appellees Harold Robinson, et al. ("appellants") appeal the decision of the Guernsey County Court of Common Pleas that denied their claims to quiet title by adverse possession and acquiescence and their claim for trespass. Appellants also appeal the trial court's decision to partially grant their claim for prescriptive easement. Appellees/Cross-Appellants ("appellees") appeal the trial court's decision that granted appellants' claim for an easement by common law dedication. The following facts give rise to this appeal.
 {¶ 2} This action commenced with the filing of a complaint on October 19, 2001. Appellants amended their complaint on August 29, 2002. In their complaint, appellants claim they own the land in question, 0.073 acres, by adverse possession and acquiescence. Alternatively, appellants claim they have an easement on it by prescription and/or common law dedication. Appellants also seek damages for appellees' trespass on the land. In their answer, appellees asserted a general denial, permissive use and adverse possession of the land in dispute.
 {¶ 3} Following a lengthy discovery process, both parties filed motions for summary judgment. The trial court denied both motions on October 10, 2002. Thereafter, in November 2002, this matter proceeded to trial. Appellants are the trustees for Harold M. Robinson and Monna J. Robinson, husband and wife, who acquired ownership of a tract of land consisting of 102 acres lying entirely west of County Home Road.
 {¶ 4} This tract of land has been owned by Harold Robinson's mother and father since 1926, until the death of Mrs. Robinson in 1994, at which time the deed went to Harold Robinson. In 2001, the property was transferred into the trust. Appellants have not lived on the property since 1954. From 1994 to the present, the residence, on appellants' property, has either been vacant or rented. Appellees own the property consisting of 10 acres lying between appellants' property and County Home Road. The property consists of 5 acres on each side of a small stream that flows through the property from west to east.
 {¶ 5} According to testimony presented at trial, the property at issue was once part of County Home Road, which was relocated to the east, in 1926, by the Guernsey County Commissioners. Appellants used a portion of the property, as a driveway, in order to access their farm. Appellants always believed they owned the property, after the relocation of County Home Road, because they maintained the lane, graded, seeded and fertilized the grass, planted and cared for trees, planted flowers, maintained a mailbox, maintained boundary fences and parked vehicles and farm equipment on the property at issue.
 {¶ 6} Appellants claim the first time their ownership of this property was challenged occurred, in 1997, when appellees directed Kenneth Shugert to bulldoze fence lines in the area of the disputed property. Appellants claim the fence line that was removed on the south side of the driveway was the long-time honored boundary line between their farm and appellees' farm. Appellants also contend they maintained the fence line on the north side of the driveway.
 {¶ 7} In response, appellees maintain a survey conducted by Charles Hunnell clearly establishes that they own the property at issue. Appellees claim they gave permission to appellants to use the driveway on the belief that it was the neighborly thing to do. Appellees also claim no evidence was presented, at trial, that County Home Road ever changed its location, at the end of the appellants' lane, in 1926.
 {¶ 8} Following a five-day trial, in November 2002, the trial court filed findings of fact and conclusions of law on May 5, 2003. The trial court denied appellants' claims for quiet title by adverse possession, quiet title by acquiescence and trespass. The trial court partially granted appellants' claim for prescriptive easement. The easement constitutes the width of the driveway leading from the appellants' farm, across the property at issue, to County Home Road. The prescriptive easement is for the purposes of ingress and egress. The trial court also granted appellants' claim for easement by common law dedication, for access from appellants' farm to County Home Road, for the width of the lane that currently exists.
 {¶ 9} Appellants timely filed a notice of appeal and appellees timely cross-appealed. The parties raise the following assignments of error for our consideration:
 {¶ 10} "I. The trial court's judgment is contrary to law.
 {¶ 11} "II. The trial court's judgment is not sustained by the evidence and is against the manifest weight of the evidence.
 {¶ 12} "III. The trial court erred by not ruling that ohio civil law prohibits the bulldozing of a fence line unless the adjacent landowners agree to it."
 "Cross-Appeal" {¶ 13} "I. The trial court erred in finding for plaintiffs-appellants on claim five for an easement by common law dedication when there was no evidence to support the elements for the same."
 I, II {¶ 14} Appellants combine their First and Second Assignments of Error and we will do the same for purposes of addressing the arguments raised under these two assignments of error. Appellants essentially argue the trial court's judgment is contrary to law, not sustained by the evidence and is against the manifest weight of the evidence. We disagree.
 {¶ 15} In reviewing a manifest weight claim, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could based its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, a judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279, 281. It is based upon this standard that we will review the seven arguments contained in appellants' First and Second Assignments of Error.
"Denial of Adverse Possession Claim"
 {¶ 16} Appellants contend the trial court erred when it denied their claim, for adverse possession, from the time period between 1926 and 1947. We disagree.
 {¶ 17} In order to acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years. Zinsmeister v. Wayne Twp. Bd. ofTrustees, Knox App. No. 03CA10, 2003-Ohio-6955, at ¶ 28, citingGrace v. Koch, 81 Ohio St.3d 577, 580-581, 1998-Ohio-607. "It `is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character.'"Zinsmeister at ¶ 28, quoting Humphries v. Huffman (1878),33 Ohio St. 395, 402.
 {¶ 18} Also, the occupancy "`must be such as to give notice to the real owner of the extent of the adverse claim.' "Zinsmeister at ¶ 28, quoting Humphries at 404. "Actual notice of adverse possession on the part of the title owner is not required since `[t]he owner is charged with knowledge of adverse use when one enters into open and notorious possession of the land under a claim of right.'" Zinsmeister at ¶ 28, quoting Vanasdal v. Brinker (1985), 27 Ohio App.3d 298, 299.
 {¶ 19} The trial court made the following findings of fact and conclusions of law concerning the adverse possession claim:
 {¶ 20} "8. The Court finds from at least 1926 until October 23, 1997, there was no dispute regarding ownership or use of the 0.073-acre tract between any of the parties to this lawsuit or their predecessors in chain of title." Findings of Fact, May 5, 2003, at ¶ 8.
 {¶ 21} "9. The Court finds that the only testimony that Plaintiffs or others used the 0.073 acres was some testimony that many years ago there had been some flowers planted around the mailbox on the C.R. right-of-way, the grass had occasionally been mowed along the lane, claims that many years ago a fence existed on the South side of the lane, and that two dogwood trees had been planted by Plaintiffs' relatives. This testimony does not by a preponderance of the evidence (and certainly not by clear and convincing evidence) prove exclusive and/or adverse use of the land by Plaintiffs." (Emphasis sic.) Findings of Fact, May 5, 2003, at ¶ 9.
 {¶ 22} "3. The Court concludes as a matter of law that Plaintiffs Robinson have failed to prove by clear and convincing evidence that from 1926 through October 23, 1997, their use of the 0.073-acre tract was exclusive." Conclusions of Law, May 5, 1997, at ¶ 3.
 {¶ 23} "4. The Court concludes as a matter of law that Plaintiffs Robinsons have failed to prove their claim of 21 years or more of adverse possession, as the evidence in this case was that there was no dispute nor adverse or hostile use of the lane until this dispute arose in October, 1997." Conclusions of Law, May 5, 2003, at ¶ 4.
 {¶ 24} Appellants contend they exclusively, openly, notoriously and continuously maintained fencing on the border, maintained the driveway, planted flowers and trees, and graded, seeded, fertilized, and mowed the property from 1926 until 1947. Appellants contend their claim of adverse possession commenced in 1926 so by 1947, they had a fully matured adverse possession claim. Thus, when appellees acquired their farm, in 1963, their predecessors in interest had already lost their claim of ownership to the property.
 {¶ 25} Mere maintenance of land, such as mowing grass, cutting weeds, planting a few seedlings, and minor landscaping, is generally not sufficient to constitute adverse possession. SeeMontieth v. Twin Falls United Methodist Church (1980),68 Ohio App.2d 219; Meyer v. Pockros (1924), 18 Ohio App. 506;Dreslinski v. Bugary (Mar. 20, 1992), Ashtabula App. No. 91-A-1639; Cannone v. Levy (Dec. 20, 1991), Trumbull App. No. 91-T-4560.
 {¶ 26} Based upon the above case law and the facts of this case, we conclude the trial court properly determined that appellants failed to prove their claim of adverse possession by clear and convincing evidence. Appellants failed to establish that their use of the property was adverse or hostile. Instead, the evidence supports the conclusion that the use of the property did not become adverse or hostile until October 1997. Prior to that date, appellees permitted appellants to use the driveway as they considered it the neighborly thing to do. Appellants use of the property also was not exclusive because appellees, lessees and predecessors in title used the property to access their fields.
"Existence of Prescriptive Easement on Whole Property"
 {¶ 27} Appellants claim the trial court erred when it concluded a prescriptive easement, established during the time period from 1926 to 1947, does not exist on the whole property. We disagree.
 {¶ 28} "* * * [A] prescriptive easement is created by use that is open, notorious, adverse and continuous for a period in excess of 21 years and that use by permission or agreement does not create such property right." Merry v. Clark, Muskingum App. No. CT2002-0004, 2002-Ohio-4204, at ¶ 28, citing Pa. Rd. Co. v.Donovan (1924), 111 Ohio St. 341, 349-350. Once the required elements of a prescriptive use have been presented to the court's satisfaction, the burden then shifts to the owner of the land upon which the easement is asserted to submit evidence of permissive use, thereby defeating the required adverse nature of the claim. Merry at ¶ 30, citing Pavey v. Vance (1897),56 Ohio St. 162, 174. If a landowner asserts the defense of permissive use, the landowner has the burden of proving the existence of his or her permission. Carlyn v. Garn (1995),105 Ohio App.3d 704,707.
 {¶ 29} The element that distinguishes a prescriptive easement from adverse possession is exclusive use. Exclusive use is not an element required to establish a prescriptive easement. Nusekabelv. Cincinnati Pub. School Employees Credit Union, Inc. (1997),125 Ohio App.3d 427, 433-434. The trial court concluded appellees always permitted appellants and their predecessors in title to use the driveway as they considered it the neighborly thing to do. Findings of Fact, May 5, 2003, at ¶ 13. However, we conclude it is not necessary to address the issue of whether appellees gave appellants permission to use the property because appellants have failed to make a prima facie showing that the use of the property was adverse. Thus, the burden never shifted to appellees to prove the existence of their permission.
 {¶ 30} Therefore, the trial court properly concluded that appellants failed to prove their claim of a prescriptive easement on the whole piece of property.
"Denial of Acquiescence Claim"
 {¶ 31} Appellants contend the trial court erred when it denied their claim for acquiescence. We disagree.
 {¶ 32} In support of this argument, appellants maintain the former location of the fence south of the driveway is the true boundary line between the properties despite appellees' survey, in 1997, which indicates otherwise. Regarding the fence line, the trial court found as follows:
 {¶ 33} "17. * * * As the Plaintiffs did not submit a boundary-line survey of their property lines, the Court is unable to make any findings regarding the property lines of the Plaintiffs from their deeds." Findings of Fact, May 5, 2003, at ¶ 17.
 {¶ 34} "5. The Court concludes as a matter of law that Plaintiffs Robinson have failed to establish by clear and convincing evidence that the location of a fence line South of the driveway was a boundary line for a period of more than 21 years." Conclusions of Law, May 5, 2003, at ¶ 5.
 {¶ 35} "The doctrine of acquiescence is applied in instances where adjoining land owners occupy their respective properties up to a certain line and mutually recognize and treat that line as if it were the boundary separating their properties. * * * Generally, * * *, the following two requisites must be present in order to apply the doctrine of acquiescence. First, the adjoining land owners must mutually respect and treat a specific line as the boundary to their property. Second, that line must be treated as such for a period of years, usually the statutory time period required for adverse possession." [Citations omitted.] Ballardv. Tibboles (Nov. 8, 1991), Ottawa App. No. 91-OT-013, at 5.
 {¶ 36} The trial court properly denied appellants' claim of acquiescence as there is no proof, in the record, that appellees acquiesced to appellants assertions regarding the location of the fence line south of the driveway. In fact, once the dispute arose concerning the property at issue, appellees hired Charles Hunnell to perform a new survey which confirmed what Appellee William Armstrong's father had understood to be the line. Because the parties do not agree as to the location of the fence line south of the driveway, the trial court properly denied appellants' claim for acquiescence.
"Existence of Legal Permission to Use Land"
 {¶ 37} Appellants maintain the trial court erred when it concluded appellees and their predecessors in interest gave them legal permission to use the land at issue. We previously affirmed the trial court's determination to deny appellants' claims for adverse possession and prescriptive easement. Accordingly, we will not address the issue of whether appellees provided appellants with legal permission to use the entire piece of property as such issue is moot having determined these claims must fail for other reasons.
"Reliance on Survey"
 {¶ 38} Appellants contend the trial court erred when it relied upon the survey submitted by appellees. We disagree.
 {¶ 39} Appellants maintain the old boundary fence and a stone located near the entrance of their driveway, which appellees removed, is the best evidence and the trial court should have used it in determining the boundaries. The trial court specifically found that appellants did not submit a boundary-line survey of their property lines and therefore, the trial court was unable to make any findings regarding the property lines of appellants from their deeds. Findings of Fact, May 5, 2003, at ¶ 17. Without a survey to support their argument regarding the location of the old boundary fence, the only evidence the trial court had to rely upon was the survey submitted by appellees. Therefore, the trial court properly relied upon appellees' survey.
"Width of Prescriptive Easement"
 {¶ 40} Appellants challenge the trial court's decision to grant a ten to twelve foot easement instead of an easement thirty-eight to forty feet wide, which they claim is necessary to accommodate their farm machinery. We disagree.
 {¶ 41} In its findings of fact, the trial court specifically found the existence of a ten to twelve foot driveway leading from County Home Road 73 to appellants' property through appellees' land. Findings of Fact, May 5, 2003, at ¶ 5. The trial court did not err in determining the width of the lane because this width is what the parties have been using for years. Further, the survey prepared by Charles Hunnell indicates a driveway width of ten to twelve feet. Appellants presented no evidence supporting their claim that the current width of the driveway needs to be expanded.
 {¶ 42} Accordingly, the trial court properly determined the width of the easement to be between ten and twelve feet. "Denial of Trespass Claim"
 {¶ 43} Appellants challenge the trial court's conclusion that no trespass occurred although appellees' agent, Kenneth Shugert, entered appellants' property and removed fence lines and other monuments. We disagree.
 {¶ 44} Paragraph 15, of the trial court's findings of fact, provides as follows:
 {¶ 45} "The Court finds that on October 28, 1997, Kenneth R. Shugert as the agent of Defendants Armstrong, bulldozed the Robinson Farm and removed fence lines and other monuments without consulting Plaintiffs Robinson and without their agreement." Findings of Fact, May 5, 2003, at ¶ 15.
 {¶ 46} In its conclusions of law, the trial court found that,
 {¶ 47} "* * * [A]s a matter of law that there is insufficient evidence before the Court to establish that Defendants Armstrong trespassed upon Plaintiffs Robinsons' land when their agent, Kenneth R. Shugert, bulldozed a fence line in the area of the 0.073 acre tract of land." Id. at ¶ 7.
 {¶ 48} Appellants maintain that, as a matter of law, the trial court's factual findings compelled a legal conclusion of trespass and damages. We find the trial court was not compelled to conclude appellants trespassed by removing the fence. Because the trial court determined that appellees own the property in the 0.073 tract of land, the trial court properly concluded that appellees' agent did not trespass when he removed a fence line on the disputed property.
 {¶ 49} Based upon our review of the above arguments, we conclude the trial court's decision is not against the manifest weight of the evidence and we overrule appellants' First and Second Assignments of Error.
 III {¶ 50} In their Third Assignment of Error, appellants contend the trial court erred when it failed to find that Ohio civil law prohibits the bulldozing of a fence line unless the adjacent landowner agrees to it. We disagree.
 {¶ 51} Appellants maintain the removal of fence lines should be prohibited, under civil law, because R.C. 2907.07(A)(3), of the criminal code, prohibits the removal of boundary markers, survey stations, survey monuments and survey markers. Appellants argue the civil law should mirror the criminal law.
 {¶ 52} We decline to accept this argument as no other courts, in the State of Ohio, have read the criminal statute, in pari materia, with the statutes governing partition fence lines found in R.C. 971 et seq.
 {¶ 53} Appellants' Third Assignment of Error is overruled.
 "Cross-Appeal" I {¶ 54} In their sole assignment of error, on cross-appeal, appellees contend the trial court erred when it granted appellants' claim for easement by common law dedication. We agree.
 {¶ 55} In the judgment entry portion of its findings of fact and conclusions of law, the trial court held as follows concerning the claim for easement by common law dedication:
 {¶ 56} "5. Plaintiffs' Fifth Claim for Relief of First Amended Complaint to Quiet Title (Easement by Common Law Dedication Claim) is hereby GRANTED for access from the Robinson [appellants] farm to the County Road for the width of the lane that currently exists and has been used by the parties. The Plaintiffs shall cause a legal description of the width of the road to be filed with the Court within thirty (30) days of the date of this Entry to incorporate their right of ingress and egress over the lane and to mutual use of that portion of the lane that crosses Plaintiffs' [Robinson] property with the Defendants'." Judgment Entry, May 5, 2003, at ¶ 5.
 {¶ 57} In order to establish a common-law dedication, the following three elements must be proved: (1) the existence of an intention on the part of the owner to make such dedication; (2) an actual offer on the part of the owner, evidenced by some unequivocal act, to make such dedication; and (3) the acceptance of such offer by or on behalf of the public. Masters v. City ofAlliance (1987), 43 Ohio App.3d 120, 121; Nealey v. Green
(1991), 73 Ohio App.3d 167, 170.
 {¶ 58} Appellees contend the trial court erred when it granted the easement by common law dedication because they never expressed an intent to dedicate the driveway to either private or public use. Further, appellees argue there never was an offer made nor acceptance by the public. Appellants respond that the intention to dedicate may be implied and demonstrated by the use of the property by the public. Doud v. City of Cincinnati
(1949), 152 Ohio St. 132, paragraph one of the syllabus. Appellants also maintain that sometime prior to 1926, the true owner of the property in dispute dedicated it for public use.
 {¶ 59} We conclude the trial court erred when it found an easement by common law dedication. The record does not establish that either appellees or a previous owner of the property ever intended to make a public dedication and that neither appellees nor a previous owner made an actual offer to make such a dedication. Having failed to prove the existence of two of the three elements required to establish such an easement, we sustain the cross-appeal.
 {¶ 60} Accordingly, appellees' sole cross-assignment of error is sustained.
 {¶ 61} For the foregoing reasons, the judgment of the Court of Common Pleas, Guernsey County, Ohio is hereby affirmed in part and reversed in part.
Wise, J.
Boggins, J., concurs.
Hoffman, P.J., concurs separately.