FRANKLIN, Appellant,

v.

MASSILLON HOMES II, L.L.C., Appellee.

[Cite as *Franklin v. Massillon Homes II, L.L.C.*, 184 Ohio App.3d 455, 2009-Ohio-5487.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 08–CA–288.

Decided Oct. 8, 2009.

Krugliak, Wilkins, Griffiths, & Dougherty Co., L.P.A., Owen J. Rarric, and Stephan R. Wright, for appellant.

Taft, Stettinius, & Hollister, L.L.P., Stephen H. Jett, and David V. Allen, for appellee.

DELANEY, Judge.

{¶ 1} Plaintiff-appellant, Pauline Franklin, appeals from the trial court's granting of summary judgment, finding that she failed to establish a genuine issue as to any material fact that would result in judgment in her favor on a claim of adverse possession. Massillon Homes II, L.L.C., is defendant-appellee.

{¶ 2} Appellant is the title owner of the property at 1118 14th Street SE, Massillon, Ohio. She and her husband purchased the lot in 1956. According to appellant, they began using the area in dispute at 1110 14th Street SE, as soon as they moved in. Appellant submitted a property survey done by Stephen Campbell, a registered property surveyor in the state of Ohio, that designates both the deed line and the adverse-possession line between 1110 and 1118 14th Streets. The survey was established pursuant to his review of the matter and his understanding of appellant's claim. Campbell's affidavit was notarized on October 23, 2008, and was attached to appellant's memorandum in opposition to Massillon Homes' motion for summary judgment, filed on November 14, 2008.

{¶ 3} Pursuant to the boundary survey, a portion of the adverse area, which runs parallel to 14th Street, is bordered by a four-to-five-foot hedge fence. Appellant alleges that the hedge fence establishes a border of the adverse area and has existed in the same location for 50 years. Additionally, the adverse area

extends to the former garage of appellee's predecessor in title, according to appellant's affidavit and the boundary survey. Appellant stated that she continually planted flowers along the garage until it was torn down, and then after the garage was torn down approximately 25 years ago, appellant's husband erected a lattice fence behind the garage. The fence is still standing today; it extends to the east towards the back of the property and marks another boundary of the adverse area. According to appellant, the adverse area is bordered by the hedge fence and lattice fence.

{¶ 4} In appellant's affidavit, she additionally asserted that she and her family have mowed and maintained the lawn in the adverse area since 1956, that they have maintained the hedge fence since 1956, that she paid to have an oak tree removed on the adverse area, and that she did not seek permission before doing so. Additionally, appellant planted a red maple tree in the adverse area after removing the oak tree. Her husband took care of lawn care up until his death, and then appellant hired various third parties to maintain the lawn in the adverse area.

{¶ 5} Appellant asserted that she and her family would park cars in the adverse area and wash them there, that they would park their trailer in the area, that her children used the area to play in, and that her pets used the area as well. Moreover, she asserted that she would tell trespassers to leave the area and stated that other neighbors would also inform trespassers to stay out of the area because it was appellant's property. According to appellant, no one used the area without her permission, the prior owners never used the area, and she never sought permission from them to use the area.

{¶ 6} The deposition of appellant's daughter, Lydia Glaude, also confirmed that as a child she played in the disputed area, that they planted grass in the area, raked leaves, planted flowers, and washed cars in the area. She stated that her father put up both the lattice fence and a wire fence in the disputed area.

{¶ 7} Marian Longshore, the previous owner of 1110 14th Street SE, stated that she did not give appellant permission to cut down any trees in the disputed area, that appellant took care of the hedge fence, and that appellant also put up the lattice fence that was on the disputed area. She also testified that the property inside the hedge fence, which was partially in the disputed area, was appellant's property. She also confirmed that appellant would park a mobile home in front of the tree on the adverse area.

{¶ 8} On February 8, 2008, appellant filed a complaint in the Stark County Court of Common Pleas for adverse possession, trespass, and to quiet title as it relates to the parcels at 1110 14th Street, Massillon, Ohio, and 1118 14th Street, Massillon, Ohio. Appellee filed its answer and counterclaim on April 14, 2008.

Appellant filed an amended complaint, with permission of the trial court, on October 24, 2008.

{¶ 9} The parties then filed cross-motions for summary judgment, and the trial court granted appellee's motion, finding that appellant could not prove adverse possession by clear and convincing evidence. Specifically, the trial court found as follows:

{¶ 10} "Plaintiff is the title owner of the residential real estate located at 1118—14th Street SE, Massillon, Ohio. Plaintiff claims that she is the owner of land titled in the name of neighbor located to the North of her lot due to adverse possession. Plaintiff argues that she has met the requirements for adverse possession and that summary judgment should be granted in her favor. Defendant states that Plaintiff cannot prove an action for adverse possession and thus summary judgment should be granted in their favor.

{¶ 11} "A claim of adverse possession requires proof of exclusive possession and open, notorious, continuous, and adverse use for a period of 21 years. *Grace v. Koch* (1998), 81 Ohio St.3d 577, 692 N.E.2d 1009, syllabus. To establish title by adverse possession, a claimant must establish the above-listed factors by clear and convincing evidence. Id. at 580, 692 N.E.2d 1009.

{¶ 12} "First, there is a question as to whether the boundaries of the possession area are sufficient to sustain an adverse possession claim. Even if the boundaries are sufficiently identified, Defendant is granted summary judgment. To be notorious, a use must be known to some who might reasonably be expected to communicate their knowledge to the owner if he maintained a reasonable degree of supervision over his premises. *Crown Credit Co., Ltd. v. Bushman* (2007), 170 Ohio App.3d 807, 820, 869 N.E.2d 83. I concur with the Defendant that Plaintiff's use of the property has not been notorious or exclusive.

{¶ 13} "Further, the Court agrees that Plaintiff's use of the alleged adverse area is insufficient for a claim of adverse possession. The landscaping and maintenance conducted by Plaintiff is not sufficient to constitute adverse possession. See *Murphy v. Cromwell,* 2004-Ohio-6279, 2004 WL 2676311 (5th Dist.Ct. Apps.); *Robinson v. Armstrong,* 2004-Ohio-1463, 2004 WL 585425 (5th Dist.Ct. Apps.); *Nixon v. Parker,* 2005-Ohio-2375, 2005 WL 1140789 (5th Dist.Ct.Apps.); *Crown Credit Co., Ltd. v. Bushman* (2007), 170 Ohio App.3d 807, 869 N.E.2d 83."

{¶ 14} It is from this judgment that appellant now appeals.

{¶ 15} Appellant raises one assignment of error:

{¶ 16} "I. The trial court erred in granting Massillon Homes II, L.L.C.'s motion for summary judgment.

I

{¶ 17} In her sole assignment of error, appellant argues that the trial court erred in granting appellee's motion for summary judgment. We agree.

{¶ 18} When reviewing the granting of a motion for summary judgment, an appellate court uses a de novo standard of review. *LaSalle Bank NA v. Tirado*, 5th Dist. No. 2009–CA–22, 2009-Ohio-2589, 2009 WL 1564776, ¶ 14.

{¶ 19} Civ.R. 56(C) states:

{¶ 20} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

{¶ 21} Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.

{¶ 22} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 23} The trial court found that in order to establish title by adverse possession, appellant had to establish exclusive possession and open, continuous, notorious, and adverse use by clear and convincing evidence. The court, in granting appellee's motion, agreed with appellee that appellant did not establish notorious or exclusive use. Additionally, the court found that there is a "question" as to the boundaries of the possession area. Finally, the court found that appellant's use of the alleged adverse area was insufficient for purposes of an adverse-possession claim.

{¶ 24} In order to succeed on a claim of acquiring title by adverse possession, the claimant must show exclusive possession that is open, notorious, continuous, and adverse for 21 years. *Evanich v. Bridge*, 119 Ohio St.3d 260, 2008-Ohio-3820, 893 N.E.2d 481, at ¶ 7, citing *Grace v. Koch* (1998), 81 Ohio St.3d 577, 579, 692 N.E.2d 1009, citing *Pennsylvania RR. Co. v. Donovan* (1924), 111

Ohio St. 341, 349–350, 145 N.E. 479. "It is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character, and not the remote motives or purposes of the occupant." *Humphries v. Huffman* (1878), 33 Ohio St. 395, 402. This " 'occupancy must be such as to give notice to the real owner of the extent of the adverse claim.' " *Evanich* at ¶ 8, quoting *Humphries* at 404. "[T]he intent to occupy and treat property as one's own is all that is required." Id. at ¶ 12.

{¶ 25} In order for possession to be considered open, "the use of the disputed property must be without attempted concealment. * * * To be notorious, a use must be known to some who might reasonably be expected to communicate their knowledge to the owner * * * [or] so patent that the true owner of the property could not be deceived as to the property's use." *Kaufman v. Geisken Ents., Ltd.,* 3rd Dist. No. 12–02–04, 2003-Ohio-1027, at ¶ 31. Although lawn maintenance alone is not sufficiently open and notorious to establish adverse possession, such activity is "relevant evidence of open and notorious use, and when combined with other activities under the proper circumstances it may help to establish an adverse possession." Id., citing *Glaser v. Bayliff* (Jan. 29, 1999), 2nd Dist. No. 98–CA–34, 1999 WL 34709; *Coburn v. Gebauer* (Jan. 11, 1996), 3rd Dist. No. 13–95–14, 1996 WL 16878.

{¶ 26} In order for possession to be considered "hostile," the Ohio Supreme Court has stated that any use of the land inconsistent with the rights of the titleholder is adverse or hostile. *Kimball v. Anderson* (1932), 125 Ohio St. 241, 244, 181 N.E. 17.

{¶ 27} In order for use to be considered continuous and exclusive, "[u]se of the property does not have to be exclusive of all individuals. Rather, it must be exclusive of the true owner entering onto the land and asserting his right to possession. It must also be exclusive of third persons entering the land under their own claim of title, or claiming to have permission to be on the premises from the true title holder. If the title holder enters onto the land without asserting, by word or act, any right of ownership or possession, his presence on the land does not amount to an actual possession, and the possession may properly be attributed to the party who is on the land exercising or claiming exclusive control thereof. It is not necessary that all persons be excluded from entering upon and using the premises." *Kaufman,* 2003-Ohio-1027, 2003 WL 832678, at ¶ 39, quoting *Walls v. Billingsley* (Aug. 18, 1992), 3rd Dist. No. 1–92–11, 1992 WL 198131, citing 4 Tiffany, Real Property (1975) 736, Section 1141.

{¶ 28} In *Grace v. Koch,* 81 Ohio St.3d 577, 692 N.E.2d 1009, the court found that while there was evidence that the defendants who were claiming adverse possession used the strip by mowing the grass, parking cars in the strip, allowing

their children to play in the strip, placing firewood, oil drums, and a swing set in the strip, the record did not contain clear and convincing evidence that the plaintiff or his parents were on notice that their dominions had been invaded in 1971. The defendants asked for the plaintiffs' permission before proceeding to mow the strip. The defendant also conceded that he knew that the strip belonged to the plaintiff and that he never would have used it without permission. Considering these factors, the court stated that while it considered the case to be a close one, based on the fact that defendants asked permission to use the land and they knew they did not possess it, no adverse possession was found.

{¶ 29} Unlike in *Grace,* in which the court declined to find adverse possession, in the present case there is evidence that appellant believed that the property was hers, and she stated that she never sought permission to use the disputed tract of land.

{¶ 30} The trial court cited this court's decisions in *Murphy v. Cromwell,* 5th Dist. No. CT2004–0003, 2004-Ohio-6279, 2004 WL 2676311, and *Robinson v. Armstrong,* 5th Dist. No. 03 CA 12, 2004-Ohio-1463, 2004 WL 585425, to support its ruling. In both cases, we affirmed the trial court's granting of a motion for summary judgment on adverse-possession claims. In the present case, however, we find reliance on these decisions to be misplaced.

{¶ 31} In *Murphy,* we found that "[m]ere maintenance of land, such as mowing grass, cutting weeds, planting a few seedlings, and minor landscaping, is generally not sufficient to constitute adverse possession. See *Montieth v. Twin Falls United Methodist Church* (1980), 68 Ohio App.2d 219, 22 O.O.3d 346, 428 N.E.2d 870; *Meyer v. Pockros* (1924), 18 Ohio App. 506, 1924 WL 2154; *Robinson v. Armstrong,* Guernsey App. No. 03CA12, 2004-Ohio-1463, 2004 WL 585425. In *Grace,* supra, the Ohio Supreme Court found that mowing grass, parking cars, recreational use, and placement of firewood, oil drums, and a swing set on a strip of land presented a close case. The Court, in *Grace,* concluded, however, that the record did not contain clear and convincing evidence that the Graces, the title owners, were on notice that their dominions had been invaded and thus that adverse possession had not been established." As we have already distinguished *Grace* from the present case, we find that reliance on *Murphy,* and therefore *Grace,* is inappropriate given the present circumstances.

{¶ 32} Similarly, we do not find *Robinson,* 2004-Ohio-1463, 2004 WL 585425, to be persuasive. In *Robinson,* there was evidence of only six years of hostile use of the disputed property, and prior to that date, the appellees permitted others to access the disputed property because they thought it was "the neighborly thing to do."

{¶ 33} Moreover, in its entry, the trial court relied upon the standard of clear and convincing evidence, as set forth in *Grace,* 81 Ohio St.3d 577, 692 N.E.2d

1009, when making its determination. The syllabus in *Grace* states: "[T]o acquire by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." As noted by the Eleventh District in *King v. Hazen*, 11th Dist. No. 2005–A–0031, 2006-Ohio-4823, 2006 WL 2662757, the Supreme Court in *Grace* was establishing the burden of proof to be satisfied at the trial on the merits, not the summary-judgment exercise.

{¶ 34} In the present case, when the trial court stated in its judgment entry that appellant had not established her claim for adverse possession because she had not satisfied the burden of proof adopted in the *Grace* case, it was improperly weighing the evidence in reviewing a summary-judgment motion. Civ.R. 56 merely requires that the trial court determine whether there are any genuine issues of material fact to be tried, not whether one party or the other will satisfy its burden of proof when the case eventually comes to trial.

{¶ 35} Given the facts discussed above, we find that a genuine issue of material fact does exist and that the trial court erred in granting summary judgment in favor of appellee.

{¶ 36} Appellant's assignment of error is sustained. The judgment of the Stark County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FARMER, P.J., and EDWARDS, J., concur.