OPINION
{¶ 1} Appellant Beverly D. Nixon appeals the decision of the Court of Common Pleas, Licking County, which found against her in a complaint to quiet title. The appellee is Tracy Parker. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee are adjoining landowners of residential property located at, respectively, 476 and 480 Ballard Avenue in Newark, Ohio. Appellant`s eastern boundary line abuts appellee's western boundary line. After appellee moved onto her property in 2002, a question arose between the parties as to a chain-link fence apparently separating the two properties. Appellee obtained a professional survey of the area in question, and discovered the fence was located not on the true boundary, but several feet to the east on appellee's land.
 {¶ 3} On July 17, 2003, appellant filed a complaint to quiet title against appellee, asserting ownership, under the doctrine of adverse possession, of the narrow strip of land between the surveyed boundary and the fence. Appellee timely answered. Appellant subsequently filed a motion for summary judgment, which the court denied. A bench trial before a magistrate was conducted on June 9, 2004. After hearing the evidence, the magistrate issued a decision in favor of appellee. Appellant filed an objection to the decision of the magistrate; however, the trial court adopted the decision of the magistrate on September 29, 2004.
 {¶ 4} On October 26, 2004, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:
 {¶ 5} "I. The court erred when it found that the appellant had failed to provide sufficient evidence to support her claim of ownership in a small strip of land bordering her eastern lot line, by adverse possession."
 I. {¶ 6} In her sole Assignment of Error, appellant argues the trial court erred in finding appellant failed to prove her claim of adverse possession. We disagree.
 {¶ 7} To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years. Grace v.Koch (1998), 81 Ohio St.3d 577, 692 N.E.2d 1009. Failure of proof as to any of the elements results in failure to acquire title by adverse possession. Id. at 579, 692 N.E.2d 1009, citing Pennsylvania Rd. Co. v.Donovan, 111 Ohio St. 341, 349-350, 145 N.E. 479. "It is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character." Humphries v. Huffman (1878),33 Ohio St. 395, 402.
 {¶ 8} In her case-in-chief, appellant first called neighbor Patricia Carpenter to the stand. Carpenter, who moved into the neighborhood in 1975, recalled that Walter Estep, a prior owner of what is now appellant's property, put up the fence in question in 1979 or 1980. Tr. at 12. She also testified that over the years, appellant, the Esteps, and the Websters (the other earlier owners) had mowed and planted flowers to the west of the fence. Tr. at 15.
 {¶ 9} Gary Frazier, another neighbor, also took the stand. He first took note of the fence in 1989 or 1990, when the Esteps were the owners of appellant's present lot. Tr. at 21. He recalled observing appellant and the Esteps mowing the area west of the fence, and he could not recall ever seeing anyone other than a property owner doing anything on appellant's property. Tr. at 22.
 {¶ 10} Appellant also testified on her own behalf. She moved into 476 Ballard in the summer of 1989. In 1990, she put in a flowerbed along the west side of the fence. Tr. at 26-27. She testified that her use of the strip of land alongside the fence has been continuous since she moved in. Tr. at 27.
 {¶ 11} After appellant rested her case, appellee, in addition to giving her own testimony, called Lewis Bailey, the prior owner of appellee's property. During the time he lived there, Bailey assumed the fence was on or near the line, and had no related disputes regarding the boundary. Tr. at 35. He continued during cross-examination:
 {¶ 12} "Q. Okay. The fence that's on the — on the western side of that — of your former property. Did you take that to be the — the symbol that marked where the property — where your property ended and Ms. Nixon's property began?
 {¶ 13} "A. I guess I really never thought about it. I mean, I know that there's some unwritten law or something that says your fence should never be right on the line, but — I mean, because Bev and — and we got along so well together, I don't think that was ever a question.
 {¶ 14} "Q. Is — is it fair to say that you have got along well enough that if you'd gone over on her property and sat down in her back yard, that she probably wouldn't come out with a shotgun and — and sent you off?
 {¶ 15} "A. Oh, yes. I mean there was many times that she sat down with our children and my wife, especially, out back.
 {¶ 16} Q. So there was never any — there was never any confrontation at all between the two of you. Is that right?
 {¶ 17} "A. No, not to speak of." Tr. at 36-37.
 {¶ 18} In the case sub judice, the trial court concluded as follows:
 {¶ 19} "The Court notes the magistrate found the Plaintiff failed to meet the burden of clear and convincing evidence demonstrating the elements of that possession being specifically that the possession was hostile and adverse. No testimony was offered by anyone to indicate the strip of land in question was not maintained exclusively by the residents of 476 Ballard Avenue with the express consent of the persons who erected the fence at 480 Ballard Avenue." Judgment Entry at 1.
 {¶ 20} We have previously held that "* * * Ohio law does not require proof of subjective purpose, and even in case of mutual mistake [of boundary], adverse possession may lie." Goodin v. Sforza (Dec. 6, 1989), Licking App. No. CA-3444, 1989 WL 154646, citing Yetzer v. Thoman
(1866), 17 Ohio St. 130. Other Ohio appellate courts have indicated that when a boundary line is in dispute, it is not necessary to show knowledge or wrongful intent on the part of the adverse claimant. See Keller v.Russell (June 9, 2000), Scioto App. No. 99 CA 2659, citing Coburn v.Gebauer (Jan. 11, 1996), Seneca App. No. 13-95-14; Goetz v. Miller (Apr. 24, 1981), Ottawa App. No. OT-80-26.
 {¶ 21} Nonetheless, as was observed in Richardson v. Winegardner,
Allen App. No. 1-99-56, 1999-Ohio-917, "* * * a mutual mistake as to where the true boundary lies, and subsequent acquiescence in some other line established by the adjoining owners, does not lend itself to easy analysis by the strict rules of adverse possession." As Judge Milligan aptly noted in his concurring opinion in Bebout v. Peffers (August 18, 1986), Knox App. No. 86-CA-02, 1986 WL 9303, [i]t is difficult to see how a mutual mistake as to the precise location of a surveyed boundary line can propel either of the parties into a state of hostility within the concept of adverse possession." We are also mindful of the Ohio Supreme Court's recognition that "[a] successful adverse possession action results in a legal titleholder forfeiting ownership to an adverse holder without compensation. Such a doctrine should be disfavored, and that is why the elements of adverse possession are stringent." Grace, supra, at 580.
 {¶ 22} Upon review of the record in this case, including the aforecited testimony, we find no error in the trial court's conclusion that appellant failed to establish, by clear and convincing evidence, the existence of continuous, adverse use by appellant, or her predecessors in interest, of the strip of land along the western edge of the fence. Our decision herein is further buttressed by the evidence that appellant's and her predecessors' exercise of dominion over the parcel at issue essentially consisted of mowing and flower gardening. Mere maintenance of land, such as mowing grass, cutting weeds, and minor landscaping, is generally not sufficient to constitute adverse possession. See, e.g.,Murphy v. Cromwell, Muskingum App. No. CT2004-0003, 2004-Ohio-6279, ¶ 55
(citations omitted).
 {¶ 23} Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Wise, J. Hoffman, P.J., concurs.
Edwards, J., concurs separately.