OPINION
{¶ 1} This is an appeal and cross-appeal from a decision of Judge Ellwood of the Court of Common Pleas, Guernsey County, Ohio.
 STATEMENT OF FACTS {¶ 2} This case arose out of a claim to certain land by adverse possession.
 {¶ 3} Appellant's parents acquired a farm in Center Township, Guernsey County, Ohio, in 1944.
 {¶ 4} Such farm came down through the family to Appellant.
 {¶ 5} Appellant claims that his father fenced a 0.074 acre adjoining tract belonging to one Earl Wilson, Appellees' predecessor in title and that he continued to use such parcel adverse to the owners of record and thereby acquired title to such parcel which is now owned of record by Appellee.
 {¶ 6} In March, 2003, Appellant filed a complaint to quiet title.
 {¶ 7} The court issued findings of fact and conclusions of law which, in essence found a failure of sufficient proof of Appellant's claim of adverse possession.
 {¶ 8} Appellant raises four Assignments of Error:
 APPELLANT'S ASSIGNMENTS OF ERROR {¶ 9} "I. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF HAD NOT ESTABLISHED HIS BURDEN OF PROVING ADVERSE POSSESSION BY A PREPONDERANCE OF THE EVIDENCE.
 {¶ 10} "II. THE TRIAL COURT ERRED BY APPLYING THE WRONG QUANTUM OF PROOF IN THIS CASE, SINCE THE ELEMENTS OF ADVERSE POSSESSION WERE SATISFIED IN 1977.
 {¶ 11} "III. THE COURT ERRED IN CONCLUDING AS A MATTER OF LAW THAT PLAINTIFF'S CLAIM COMMENCED WITH PERMISSION FROM EARL WILSON.
 {¶ 12} "IV. THE COURT ERRED BY FAILING TO ACKNOWLEDGE THAT PLAINTIFF AMENDED HIS COMPLAINT TO REQUEST THAT THE PARCEL DESCRIPTION BE AMENDED TO .074 ACRES, IN CONFORMITY WITH THE JOHNSON SURVEY AND EVIDENCE."
 {¶ 13} Appellees' cross-appeal includes two Assignments of Error:
 APPELLEES' CROSS-APPEAL ASSIGNMENTS OF ERROR {¶ 14} "I. THE COURT ERRED IN FAILING TO FIND FOR DEFENDANT-APPELLEES ON DEFENDANT-APPELLEES' DEFENSE OF STATUTE OF LIMITATIONS WHEN PLAINTIFF-APPELLANT'S EVIDENCE OF ADVERSE POSSESSION WAS PREDICATED ON A TIME OF 1956 TO 1977.
 {¶ 15} "II. THE COURT ERRED IN FAILING TO FIND FOR DEFENDANT-APPELLEES ON DEFENDANT-APPELLEES DEFENSE OF LACHES WHEN PLAINTIFF-APPELLANT'S CLAIM FOR ADVERSE POSSESSION RIPENED IN 1977 AND THIS CLAIM WAS NOT BROUGHT UNTIL 2003."
 I, II {¶ 16} We shall address Appellant's First and Second Assignments together.
 {¶ 17} R.C. 2305.04 provides:
 {¶ 18} "An action to recover the title to or possession of real property shall be brought within twenty-one years after the cause of action accrued, but if a person entitled to bring the action is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person, after the expiration of twenty-one years from the time the cause of action accrues, may bring the action within ten years after the disability is removed."
 {¶ 19} To acquire by adverse possession, one must not only establish the statutory required passage of 21 years, but exclusive possession which is open, notorious, continuous and obviously adverse to the legal title owner.
 {¶ 20} The essential issue raised in these Assignments of Error is that the trial court erred in requiring clear and convincing evidence, rather than a preponderance of proof.
 {¶ 21} "Clear and convincing evidence is that evidence `which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus."
 {¶ 22} "While clear and convincing evidence is `more than a mere preponderance' of the evidence, it is less than that which constitutes `beyond a reasonable doubt.' State v. Danby (1983),11 Ohio App.3d 38, 41, 463 N.E.2d 47, citing Cross,161 Ohio St. at 477, 120 N.E.2d 118."
 {¶ 23} "The preponderance of the evidence is defined as the greater weight of the evidence, evidence that is more probable, more persuasive and of greater probative value. Beerman v. Cityof Kettering (1956), 14 Ohio Misc. 149, 159, 237 N.E.2d 644."
 {¶ 24} We must, at this point, comment on certain incorrect conclusions in Appellant's brief.
 {¶ 25} As to the level of proof required, which the court concluded was clear and convincing, Appellant cites McAllisterv. Hartzell (1899), 60 Ohio St. 69, Grace v. Koch (1998),81 Ohio St.3d 577 and Rosenblub v. Wilkes (April 4, 1928), 9th Dist. App. No. 1422, Summit County.
 {¶ 26} Appellant concludes that the McAllister, supra, case in 1899 held that preponderance was the test of proof which continued until 1998 when the Ohio Supreme Court stated in Gracev. Koch, supra, that clear and convincing was the standard needed.
 {¶ 27} Therefore, predicated upon this conclusion, the argument is made that, as the adverse possession was established prior to the Grace v. Koch, supra, the burden of proof required was preponderance and the law was changed in the referenced 1998 case.
 {¶ 28} This is incorrect.
 {¶ 29} McAllister v. Hartzell, supra, did not establish nor discuss the quantity of proof required but reviewed the historical common law approaches to acquisition by adverse possession, going back to comments by Lord Mansfield, and found that irreconcilable differences over the centuries has occurred and attempted to clarify the elements necessary.
 {¶ 30} In Grace v. Koch, supra, the Ohio Supreme Court stated:
 {¶ 31} "As a preliminary matter, we must clarify the quantum of proof needed to establish each element of an adverse possession claim, something this court has not donedefinitively apart from the cotenant context. See Demmitt v.McMillan (1984), 16 Ohio App.3d 138, 140, 16 OBR 146, 148,474 N.E.2d 1212, 1215."
 {¶ 32} The court then went on to comment on the decisions of fourteen states which only required a preponderance.
 {¶ 33} Contrary to Appellant's argument that the law was changed in 1998, clearly no ruling by such court, by its own review, had ever been made. Therefore, we can easily conclude that the law always required clear and convincing proof but was not specifically stated prior to 1998.
 {¶ 34} It is true that the Ninth District Court in Rosenblubv. Wilkes, supra, stated in paragraph one of its syllabus:
 {¶ 35} "A plaintiff seeking to establish title by adverse possession had burden throughout trial of proving all essential elements of his claim by preponderance of the evidence."
 {¶ 36} However, there is no indication that such was a required ruling in the case, nor does it set forth that such issue was included in an Assignment of Error.
 {¶ 37} Also, no further appeal was taken. Such 1928 holding would fall before the ruling in Grace v. Koch, supra, and would not be controlling, in any event, on this court.
 {¶ 38} In addition to the above, Appellant states "there was absolutely no evidence before the trial court that he (Joseph Polascak) did not continue mowing that parcel until the time he died in 1980".
 {¶ 39} The problem with this reasoning is that it transfers the burden of establishing continuation of the mowing to Appellee when such obligation to show continuation rested with Appellant.
 {¶ 40} However, this Court in Nixon v. Parker (May 16, 2005), Licking County App. No. 04CA84, 2005-Ohio-2375, held that mere mowing and minor landscaping were insufficient to establish adverse possession. Such case also affirmed the need to establish a claim of adverse possession by clear and convincing evidence.
 {¶ 41} We therefore conclude that the trial court did not err in determining that the standard of proof was clear and convincing evidence rather than a preponderance.
 {¶ 42} Thus, the First Assignment of Error and that portion of the Second Assignment relating to the required standard of proof are rejected. The remainder of the Second Assignment referring to establishment by adverse possession in 1977 also fails as this goes to the credibility of the witnesses as to the evidence accepted.
 {¶ 43} The trier of fact has the principal responsibility for determining the credibility of the witnesses and the relative weight attributable to their testimony. State v. Jamison
(1990), 40 Ohio St.3d 182, certiorari denied (1990), 498.U.S. 881.
 {¶ 44} The trial court's Findings of Fact based upon the evidence clearly shows that, at best, no adverse possession commenced prior to 2002.
 {¶ 45} Findings of Fact (2) states:
 {¶ 46} "The Court finds the first hostile acts between the parties also begin in 2002 after the erroneous survey."
 {¶ 47} In support of this finding, the facts established as set forth in Findings 10, 11, and 19:
 {¶ 48} "10. The Court finds that Defendant, William Swank, gave permission (when asked by the Plaintiff) to have dirt brought in and dumped on the property in question so that the Plaintiff could grow ginseng plants.
 {¶ 49} "11. The Court finds that Defendant, William Swank, testified that both he and the Plaintiff mowed the property in question and that he didn't complain about the Plaintiff's mowing. Defendant, William Swank, further testified that the Plaintiff asked him to plow the property in question 2 or 3 times for the planting of cucumbers. The Defendant, William Swank, further told Art Scott, Plaintiff's friend, (who had put dog pens on the property after `the Flood of 1998') to move the dog pens from the property.
 {¶ 50} * * * "19. The Court finds that Defendant, William Swank, further testified that he did grant Plaintiff permission to bring in some dirt and to plant ginseng in 19971-998. He further testified that while he has not done much with the field or area in question, he has in the period of 1996-'98 hauled off seven loads of trash, cut trees, mowed the area, and has moved some of his equipment onto the area during the period of this dispute."
 {¶ 51} These findings, while subject to disputed testimony in some respects, is supported by testimony which the judge, as trier of the facts accepted.
 {¶ 52} We therefore conclude that, as we cannot substitute our judgment on the facts and witnesses, no error has occurred as to the failure to establish by clear and convincing evidence that adverse possession was established.
 {¶ 53} We therefore reject the First and Second Assignments of Error.
 III {¶ 54} The Third Assignment asserts error as to the finding of permission from Earl Wilson. As shown by the above quoted Findings of Fact, the court cites several instances with regard to permissive use upon which he relied. This, again, is urging this Court to substitute its opinion, which we cannot do.
 {¶ 55} The Third Assignment is denied.
 IV {¶ 56} Based upon the prior rulings herein, the Fourth Assignment is moot.
 I, II CROSS ASSIGNMENTS OF ERROR {¶ 57} The First and Second Cross Assignments of Error are also moot and need not be addressed.
 {¶ 58} This cause is affirmed at Appellant's costs.
Boggins, P.J. Edwards, J., concur.
Hoffman, J. concurs separately.