ANDREW W. SNYDER ET AL., TRUSTEES, v. WILLIAM S. SNOVER ET UX. ET AL.

1. A stranger may, by adverse possession or use of land for the requisite period of time, bar both the legal estate of the trustee and the equitable estate of the *cestui que trust.*
2. One who has by his deed conveyed lands to others in trust, may, by subsequent adverse use, acquire rights inconsistent with the trusts.

On rule to show cause certified from the Warren Circuit.

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiffs, *L. De Witt Taylor* and *Lewis Van Blarcom.*

For the defendants, *George M. Shipman* and *William H. Morrow.*

The opinion of the court was delivered by

DIXON, J. On January 16th, 1838, John I. Blair conveyed about an acre of land in Knowlton township, Warren county, to six persons in trust, that they should erect thereon a church for the use of the members of the Methodist Episcopal Church in that vicinity, and should forever permit the ministers of that denomination to preach therein, and in further trust that the said land should not be sold or used, or be subject to be sold or used, by the trustees or their successors, or by virtue of any other authority whatever, except for the purposes aforesaid. At that time the grantor owned a lot adjoining this tract on the east, and continued to own the same until 1878, when he conveyed it to Melissa I. Snover, one of the present defendants. In 1892 the trustees of the church tract brought this suit against Mrs. Snover and others for a trespass committed on the southeasterly corner of the tract, and the defendants pleaded that they had a right of

way over the *locus in quo* as an appurtenance to the adjoining land.

On this and other issues the cause went to trial, and the defendants produced evidence tending to show an adverse user of the alleged way by Mr. Blair and subsequent owners and tenants of the adjoining lot, in passing from the public road into that lot, for about fifty years after the making of the deed of 1838. But the trial judge charged the jury that, because of the trusts impressed upon the land by that deed, the trustees were incapable of granting the land for any other than church uses, and so could not grant a private right of way over it; that adverse user only raised a presumption of a grant, and a presumed grant could have no more force than a grant proved. Consequently, adverse user could not establish the right of way set up by the defendants. He therefore directed the jury to find this issue for the plaintiffs, and the propriety of this direction is the main question now before us.

The instruction to the jury on this point was erroneous.

A stranger may, by adverse possession against a trustee for the requisite period of time, bar both the legal estate of the trustee and the equitable estate of the *cestui que trust.* *Prudden* v. *Lindsley,* 2 *Stew. Eq.* 615 ; *Attorney General* v. *Proprietors of Meeting House,* 3 *Gray* 1 ; *Barclay* v. *Goodloe,* 83 *Ky.* 493 ; *Hill Trust.* 267 ; *Lew. Trusts* 867 ; 2 *Perry Trusts,* § 858. This doctrine rests upon the notion that the grant presumed is a grant from all the parties interested in the land. Such a grant would of course bar the trusts as well as the legal estates.

It is further urged that, as John I. Blair was the grantor in the deed of 1838, the period of user by him cannot be reckoned, because he was incapable of acquiring any rights against his own grant. But there is no legal principle which prevents a man who has conveyed a piece of land from again acquiring title to it in the same manner as other persons might. He may not deny that his deed conveyed a good title, but he may show that, by subsequent acts, the title or some interest in the land has passed back to him.

Our judgment is that there should be a new trial.