Day, J.
 

 The Court of Appeals in this case found as a matter of fact that the plaintiff, Mary E. Dalgarn, had established by adverse use her right to the land lying east of the old partition fence extending from a point at-the rear between said lots up to a point between the houses where the old wing fences, or lattice work, stood; that the dividing line from that point on to the north or front property line should jog over to the so-called true lot line as established by the testimony of the surveyors.
 

 The Court of Appeals having reached its conclusion as to the prescriptive right upon the evidence adduced by both parties, and it being a matter which rests upon the weight of the evidence, and there being evidence in the record to support the conclusion of the Court of Appeals thereon, this court, under its rule, will not disturb the same.
 

 There are, however, two law questions for determination on the record:
 

 
 *295
 
 (1) Was it error to receive and consider the testimony of the surveyors or engineers?
 

 (2) Could the prescriptive right of Mary E. Dalgarn rest upon the enjoyment thereof for the nineteen years in herself, tacked onto the period covered by the ownership of John Boyd, her grantor, making together more than 21 years of adverse possession?
 

 As to the first proposition urged, both courts below received the testimony of the surveyors as to the location of the so-called true line between the property. The objection to this testimony is based upon Section 2797, General Code, which in substance provides that no resurvey made by any person except a county surveyor, or his deputy, shall be considered as legal testimony in any court, unless such surveys are made by mutual consent, or are made by order of court.
 

 The general nature of this testimony was that there was a surplus of 3.9 feet between Wilson avenue and the west end of the Stewart .and Jones addition, and that this was apportioned by the surveyors among the various lots going to make up the distance where the surplus occurred, according to frontage. The line as thus determined by the engineers the Court of Appeals found to be the true line, subject to the prescriptive rights of the parties.
 

 The testimony of the civil engineers in question we think was rightfully considered by the court, as the testimony of any experts might be upon a question involving technical skill and experience. We see no error in the reception of such testimony, nor in the conclusion reached.
 

 The second question invokes the doctrine of
 
 *296
 
 tacking, in establishing adverse possession or prescriptive right.
 

 The rule is well stated in Thompson on Real Property, Yol. 1, Section 404:
 

 “Successive adverse users by different persons may be tacked in order to make up the prescriptive period, provided there is privity or contractual connection between them, and there is no interval between the successive possessions during which the use was not adverse. Thus the term of enjoyment requisite for a prescription is deemed to be uninterrupted when it is continued from ancestor to heir, and from seller to buyer.”
 

 Thompson on Real Property, Vol. 3, Section 2527, recites:
 

 “One person may start the adverse possession to land, and another in privity with him may continue it for the statutory period. Several successive periods of possession by different persons may be tacked or added to each other, provided the successive occupants are in privity of contract, estate, or blood, and the combined period of such adverse holdings will be deemed as one continuous possession for the statutory period. Privity that will permit the tacking of possessions exists between testator and devisee, between ancestor and heir, between landlord and tenant, between vendor and vendee.”
 

 And it is said in 2 Corpus Juris, at page 82:
 

 “On the contrary it is a rule of almost universal application that, if there is privity between successive occupants holding adversely to the true title continuously, the successive periods of occupation may be united or tacked to each other to make
 
 *297
 
 up the time of adverse holding prescribed by the statute as against such title.”
 

 See, also, citations in 2 Corpus Juris, p. 82;
 
 Brumbaugh
 
 v.
 
 Gompers,
 
 269 F., 472, 50 App. D. C., 130;
 
 Belotti
 
 v.
 
 Bickhardt,
 
 228 N. Y., 296, 127 N. E., 239; 1 Ruling Case Law, 717, Section 31
 
 et seq.;
 
 Tiffany on Real Property, Vol. 2, Section 508.
 

 Now, this record shows that the ownership was between the immediate grantor and grantee, and with no intervening possession, both parties continuing to enjoy and possess the property up to the old fence, apparently with the intention of making such property their own, and under such circumstances that if continued for 21 years the same would ripen into a title.
 

 We think there was a sufficient privity between this grantor and grantee to justify the application of the doctrine of tacking. This has been heretofore recognized in this state in the case of
 
 McNeely
 
 v.
 
 Langan,
 
 22 Ohio St., 32. The syllabus holds:
 

 “The possession necessary to bar an action, for the recovery of real property, need not be continuous for the period of limitation in any one occupier. It is sufficient that the possession during such period was in the defendant and those under whom he claims; and, as to third persons against whom the possession was held adversely, it is immaterial, if successive transfers of the possession were in fact made, whether such transfers were, by will, by deed, or by agreement, either written or verbal. ’ ’
 

 Entertaining the view that the possession and uses of Boyd, the grantor, may be tacked upon the uses and enjoyment and possession of Mary E.
 
 *298
 
 Dalgarn, the grantee, the Court of Appeals was correct in reaching the conclusion that such tacking was lawful, finding as it did, under the facts, the continued use of the property for over 21 years, with no intervening possession, the other elements going to make up title by prescription being shown by the requisite degree of proof; also its finding as to the so-called “true line” from the north side of the lots back to the lattice or wing fences, as established by the civil engineers, and thence with the jog over to the line of the old fence, established by adverse use, and the decree based thereon, are affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.