WENGROW v. WENGROW.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2005. Decided March 5, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

45. ADVERSE POSSESSION—997. Real Estate.

Proof that fence was built more than 21 years prior to commencement of action, by plaintiff's predecessor in title, and rebuilt by plaintiff at same point, and that land has been continuously and adversely held by plaintiff from time when original fence was erected, held sufficient to give plaintiff title by adverse possession.

Appeal from Common Pleas.
Decree for plaintiff.

Hackett & Lynch, Toledo, for plaintiff.
Meyer Geleerd, Toledo, for defendant.

FULL TEXT.

LLOYD, J.

Lots numbered 17 and 18 in Walbridge's Addition to the City of Toledo are contiguous lots fronting on Vermont Avenue. From December, 1887 to June 30, 1916, Hannah B. Leith owned the south one-half and Ernie C. Leith the north one-half of lot No. 18. On June 30, 1916, the Leiths conveyed all of lot No. 18 to Bella Wengrow, the plaintiff herein, since which time she has been the owner thereof and now claims also to have acquired title by adverse possession to the south one and one-half feet of lot No. 17, the record title to lot No. 17 being vested in the defendant, Tan Wengrow, who purchased the same by land contract in 1922, acquiring a warranty deed therefor from the owner Jacob Aftergood, on January 5, 1927.

Some time in 1888 the Leiths built a house on lot No. 17 and planned to have the center thereof 25 feet from the north and south lines of the lot, that is, from the lines of the contiguous lots Nos. 16 and 18, the house being 35 feet and 6 inches in width. After the house was completed a fence was constructed by them between lots Nos. 17 and 18, on a line 25 feet from that established as the center line of the house. This fence was standing where built when lot No. 18 was sold by the Leiths to plaintiff. It was in a dilapidated condition and was torn down by plaintiff and replaced by another fence, which the husband of plaintiff and a Mr. Babel, who built it, testified was placed exactly on the line of the old fence. Thereafter, about the year 1922, the front part of the fence was taken down by plaintiff so that a cement driveway could be constructed. After the driveway was constructed the fence was replaced, the defendant claiming that the entire length of the fence was taken down when the driveway was constructed and that it "was not put back in the same place it was taken from" and that "the concrete driveway was extended over beyond where the fence originally stood." He then proceeded to tear down the fence and take up that part of the driveway which he claimed was on lot No. 17. Thereupon plaintiff commenced an action seeking to restrain defendant from so doing, and to obtain a decree quieting her title to the one and one-half feet of lot No. 17 which she claims to now own by adverse possession. From the decree entered therein by the court of common pleas this appeal was taken to this court.

Without attempting to narrate or comment upon the evidence adduced at the trial, we deem it sufficient to say that the character of the evidence is such as to entitle the plaintiff to the relief sought. It shows that the fence as constructed by the Leiths in 1888, and as rebuilt by plaintiff, was on lot No. 17 and that the one and one-half feet thereof in dispute was continuously and adversely held by them from the time when the original fence was erected. It is true that plaintiff never obtained a deed thereto, but she and the Leiths, from whom she purchased lot No. 18, continuously and adversely held possession thereof for more than twenty-one years which, under the law, establishes her title thereto. Zipf vs. Dalarn, 114 Ohio St., 291.

(Richards and Williams, JJ., concur.)