CUMMINGS, Admr. v TOLEDO (city)

Ohio Appeals, 6th Dist, Lucas Co.

No. 2079.   Decided Nov. 26, 1928.

Benjamin B. Moses, Toledo, for Cummings.

Martin S. Dodd and Mark Winchester, Toledo, for city.

**LLOYD, J**

Whether or not at common law municipalities, in the care and control of public parks, exercise proprietary or governmental functions, is not important in this case in view of **Section 3714** of the **General Code**, which provides:

"Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law.   The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public g r o u n d s, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open in repair and free from nuisance."

The term "public grounds" as included therein has been held to include municipally owned and controlled parks. **Cleveland vs. Ferrando, 114 Ohio St., 207.** So the question involved here is whether or not the duty did not devolve upon the City of Toledo to exercise ordinary care to keep the drains free and clear, so that the water might pass from these ponds into the creek beyond the Terminal railroads.

The error of which complaint is made being the direction of a verdict by the trial court, the evidence contained in the record must be considered most favorably to the plaintiff in error.   As the record now stands, the clogging of the drain placed by the city at the Terminal tracks caused the retention of the water in, and created the pond and the increased and hidden depth

of water in the ditch therein, where young Cummings was drowned, and this condition had existed for some two or three years. At the time of the occurence there were no guards to prevent the decedent and the other children from wading and swimming in the pond and in the deeper water of the ditch, nor any signs to warn them of the danger in so doing. Although unimproved, Ravine Park was none the less a public park where children had a right to resort unless by some enforced regulation they were prohibited therefrom, and where as a matter of fact they had gone without restriction during several summers preceding. In our opinion the questions of the alleged negligence of the city, of what was the proximate cause of Cumming's death and whether or not he was guilty of contributory negligence should have been submitted to the jury.

The judgment of the court of common pleas is therefore reversed and the cause remanded for further proceedings according to law.

Richards and Williams, JJ, concur.