Marshall, C. J.
 

 This case was disposed of in the Court of Appeals on the theory that the adverse possession by the plaintiffs could only be claimed from the date of the conveyance by Smith of lot 29. A contrary judgment would have been entered in the Court of Appeals if the adverse possession had continued for
 
 *243
 
 twenty-one years after 1918, that being the date of the conveyance by Smith of lot 29. The Court of Appeals proceeded upon the principle declared by certain text-writers, supported by numerous authorities, that the occupation of a grantor after conveyance is presumed to be under and in subordination to the legal title held by his grantee, and that he is estopped by his deed from claiming that the holding is adverse. This rule is quite technical, and it would seem that authority of a contrary tenor has the greater weight. The grantor and those claiming under him would, of course, be estopped from making claims contrary to his grant at any time within the period of prescription. On the other hand, by the execution and delivery of the deed by the grantor, and its acceptance by the grantee, the transaction was fully terminated between the parties, and whatever rights were granted by the deed had become definitely fixed. The grantee is no different from any other owner as to acts done and rights claimed after the transaction has been completed. Bartlett might very well have asserted his warranty at any time within twenty-one years. Not having done so, but yielding to the open, notorious, continuous, exclusive, adverse claims of Smith and his successors in title, for the period of twenty-one years, the title which he acquired and which was in fact warranted to him by the deed of 1907 became impaired as to that portion so used, and by the greater weight of authority the fact that the claims of right were asserted by one who had previously warranted the title is not controlling.
 

 To this effect very many cases might be cited We will refer to only a few of them. In
 
 Traip
 
 v.
 
 Traip,
 
 57 Me., 268, it is stated that a party might reacquire title that he has once parted with by the same process by which he might originally have acquired it. In
 
 Tilton
 
 v.
 
 Emery,
 
 17 N. H., 536, it is said that a person
 
 *244
 
 might as well commit disseisin upon land that he has conveyed as upon any other. In
 
 Sherman
 
 v.
 
 Kane,
 
 86 N. Y., 57, the same rule is declared, except that stricter proof should be required. In
 
 Harn
 
 v.
 
 Smith,
 
 79 Tex., 310, 15 S. W., 240, 23 Am. St. Rep., 340, it is said that a covenant of warranty cannot be said to cover future laches by the vendee by which he loses the title conveyed to him. In
 
 Snyder
 
 v.
 
 Snover,
 
 56 N. J. Law, 20, 27 A., 1013, the court employed this significant language: “He may not deny that his deed conveyed a good title, but he may show that by subsequent acts the title or some interest in the land has passed back to him.” Two other cases of the same import are
 
 Milnes
 
 v.
 
 VanGilder,
 
 197 Pa., 347, 47 A., 197, 80 Am. St. Rep., 828;
 
 Doolittle
 
 v.
 
 Robertson,
 
 109 Ala., 412, 19 So., 851.
 

 The fundamental theory of title to incorporeal hereditaments by prescription is that long-continued use raises a legal presumption of title under a grant, and it is difficult to see how such acquisition of title by a grantor from a grantee would be a breach of warranty any more than a reconveyance by the grantee to the grantor. This was the reasoning in
 
 Abbett
 
 v.
 
 Page,
 
 92 Ala., 571, 9 So., 332.
 

 It is urged by defendants in error that the possession by Smith from 1907 to 1908 was in no sense hostile. To establish hostility it is not necessary to show that there was a heated controversy, or a manifestation of ill will, or that the claimant was in any sense an enemy of the owner of the servient estate; the facts which prove hostility might greatly differ in different cases, and it has been held in many cases that it is sufficient if the use is inconsistent with the rights of the title owner and not subordinate or subservient thereto. Hostile use is sometimes described as possession and use under a claim of right.
 

 It must, of course, be conceded that the easement of
 
 *245
 
 the driveway between the two lots, while both lots were under a common owner, was entirely free from hostility; but, inasmuch as the conveyance was made without any reservation by Smith of the use of that portion of the driveway on the conveyed lot, any use of it made by Smith thereafter, inconsistent with his grant, became adverse use, and hostility, therefore, began by use immediately after the conveyance. Even the authorities cited by defendants in error concede that a grantor may originate a possession adverse to his grantee, and that such possession differs from that of a stranger only by requiring stronger proof to sustain it and that the grantor must manifest his intention to hold adversely by some unequivocal act of hostility. The record in this case discloses that there were continuous unequivocal acts of hostility from the very date of the execution of the deed until the defendants excluded the plaintiffs from possession by the erection of the fence.
 

 This case could be disposed of on the ground that the driveway became an appurtenant to the lot of the plaintiffs and also to the lot of the defendants, except for the fact that it is not a way of necessity.
 

 Upon the authorities cited, which we believe to be the greater weight of authority, we have reached the conclusion that each of the parties was in possession and use of the driveway from 1907 under an unequivocal claim of right, and that that possession has all of the necessary elements to create a right by prescription. If it be said that the Court of Appeals heard the case on appeal and rendered its decision upon the evidence, our answer to that must be that the evidence in support of the conclusions we have reached is undisputed.
 

 The judgment of the Court of Appeals will therefore be reversed, and, upon the undisputed evidence,
 
 *246
 
 this court will render the judgment which the court of common pleas rendered.
 

 Judgment reversed.
 

 Jones, Matthias, Day, Kinkade and Stephenson,, JJ., concur.