OPINION
{¶ 1} This is an appeal from the judgment of the Seneca County Common Pleas Court, which found that plaintiff-appellees, Paul and Mary Krupp had adversely possessed approximately 5.4 acres of land from record title owners, defendant-appellants, Wayne and Cheryl Leddick (Leddick).
 {¶ 2} The parties agree to the following facts in this case: In 1937, Ernest and Rose Krupp, Paul Krupp's parents, bought a farm which included the disputed 5.4 acre parcel of land which runs adjacent to the southern boundary of the Krupp's record titled property. In 1954, Ernest and Rose Krupp conveyed certain real property including the parcel in dispute to M.A. Corwin, an agent for the Baltimore and Ohio Railroad Company (Railroad). In 1961, Railroad sold Robert and Eileen Rogers some land, which included the disputed parcel. In 1986, Ernest Krupp transferred his interest in his titled property to Rose Krupp and in 1990, Rose Krupp transferred all of her interest in her titled property to Paul Krupp. In 1993, the Leddicks purchased the disputed parcel from the Rogers.
 {¶ 3} After they transferred the land to M.A. Corwin, Rose and Ernest Krupp continued to farm the disputed parcel. In 1974, Ernest and Rose Krupp hired Tommy Willman (Willman) to farm the disputed parcel. Every year between 1974 and 1999, Willman at the direction of the Krupps, farmed the disputed parcel, which included preparations for planting, planting, harvesting and tilling.
 {¶ 4} In the spring of 2000, Norfolk Southern Railroad wrote the Leddicks a letter notifying them that the Leddicks were record title owners of the disputed parcel and offering to buy a portion of that land. Thereafter, the Leddicks began to farm the disputed parcel.
 {¶ 5} On November 30, 2000, Paul Krupp filed a complaint, which included, among others, a claim that he and his family had adversely possessed the disputed parcel and that the Leddicks had been usurping their earning potential on the disputed parcel by trespassing and planting their own crops. The Leddicks denied the Krupp's allegations and counterclaimed asserting that the Krupps owed them damages for using their land without the Leddick's permission.
 {¶ 6} On October 12, 2001, Paul Krupp filed a motion for summary judgment and on November 14, 2001, the Leddicks filed a motion to dismiss. Both motions were overruled. On December 10, 2001, the case went to trial. At trial, Willman testified that while he farmed the disputed parcel between 1974 and 1999, he never saw anyone but the Krupps or their hired help perform any activity on the disputed parcel. Paul Krupp testified that between 1967 and the time of the hearing, he never saw anyone but the members of his family or their hired help perform any activities on the disputed parcel. Paul Krupp also testified that since 1938, his parents never indicated that they were required to ask for permission from any record title owner of the disputed parcel in order to farm. Furthermore, Cheryl Leddick testified that neither she nor her husband farmed the disputed parcel between 1993 when they bought the land and 2000. Finally, Paul Krupp testified that he had an agreement to rent the disputed parcel to Willman for $85 per acre for both the years 2000 and 2001 but was unable to rent the land because the Leddicks began their own farming operations.
 {¶ 7} On January 9, 2002, the trial court issued its judgment entry, and on April 18, 2002, the trial court issued its final judgment entry, which included the surveyed legal description of the disputed property. The trial court found that the Krupps had adversely possessed the disputed parcel for the statutorily required period of time giving the Krupps title to the land and that the Leddicks in farming the land in 2000 and 2001, deprived the Krupps of rent for those two years. Accordingly, the trial court rendered a judgment for $850 against the Leddicks for lost rents.
 {¶ 8} The Leddicks now appeal asserting two assignments of error. The first asserts: "THE TRIAL COURT ERRED BY RULING IN FAVOR OF PLAINTIFF AS THE FINDINGS OF FACTS, AS DETERMINED BY THE COURT, DO NOT MEET ALL THE REQUIREMENT FOR ADVERSE POSSESSION."
 {¶ 9} "Adverse possession is based upon the running of the statute of limitations applicable to the recovery by an owner of his real property." Briegel v. Knowlton (June 20, 1989), Allen App. No. 1-87-45 at *2. To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years. Grace v.Koch (1998), 81 Ohio St.3d 577, syllabus. "Clear and convincing evidence is that proof which establishes in the minds of the trier of fact a firm conviction as to the allegations sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 10} In this case, the Leddicks argue that the Krupps did not farm the disputed parcel continuously for the required 21 years. However, Willman testified and the Leddick's stipulated in their brief that Willman planted, harvested, and tilled the disputed parcel for the Krupps every year between 1974 and 1999. While Paul, Ernest, and Rose Krupp each successively owned the disputed parcel during the statutory period, a previous owners' adverse use can be "tacked" to establish the requisite twenty-one year period. Coburn v. Gebauer (Jan. 11, 1996), Seneca App. No. 13-95-14. As the Krupps, through Willman, farmed the disputed parcel each year for more than 21 years prior to the Leddicks or any previous record title owner making any claim to the disputed parcel, the continuous element of adverse possession has been met.
 {¶ 11} The Leddicks also argue that the Krupp's possession was notnotorious and hostile. They specifically argue that since the Krupps were previous owners of the disputed parcel and because the Krupps farmed the disputed parcel while they were owners, that the Krupps were required to take additional steps beyond continued farming to put a record owner on notice of the adverse use. We disagree. Any use of the land inconsistent with the rights of the titleholder is adverse or hostile. Klinger v.Premier Properties (Nov. 17, 1997), Logan App. No. 8-97-10, citingKimball v. Anderson (1932), 125 Ohio St. 241, 244. Adverse use of land has also been described as nonpermissive use of land. McCune v. Brandon
(1993), 85 Ohio App.3d 697, 700. Furthermore notorious possession requires that "a use must be known to some who might reasonably be expected to communicate their knowledge to the owner, if he maintained a reasonable degree of supervision over his premises. * * * In other words, the use of the property must be so patent that the true owner of the property could not be deceived as to the property's use." Walls v.Billingsly (Aug. 18, 1992), Allen App. No. 1-92-11, quoting Hindall v.Martinez (1990), 69 Ohio App.3d 580, 583.
 {¶ 12} In this case, the Krupps performed various farming operations on the disputed parcel which are inconsistent with the rights of the record owners of the land as neither the Leddicks nor the Rogers gave the Krupps permission to farm the disputed parcel. Additionally, the Krupps farmed the disputed parcel every year of the 25 years prior to the Leddicks entering the land. If either the Leddicks or the Rogers had maintained any degree of supervision over this land, it would have been obvious that others were farming the disputed parcel. Based on the foregoing, we find that the trial court did not err in finding by clear and convincing evidence that the Krupp's adversely possessed the disputed parcel of land for the statutory period. Consequently, the Leddick's first assignment of error is overruled.
 {¶ 13} The second assignment of error asserts: 2. "THE TRIAL COURT ERRED BY RULING IN FAVOR OF PLAINTIFF AS TO THE MONETARY DAMAGES."
 {¶ 14} "A common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue[.]" Bohaty v. Centerpointe Plaza Associates Ltd.Partnership (Feb. 20, 2002), Medina App. No. 3143-M, quoting Linley v.DeMoss (1992), 83 Ohio App.3d 594, 598. It is well settled that damages are available in every case of trespass. Horner v. Whitta (July 27, 2000), Seneca App. No. 13-99-64. Specifically, the landowner is entitled to damages for the loss of use of the property. Francis Corp. v. SunCo., Inc. (Dec. 23, 1999) Cuyahoga App. No. 74966 at *2, citing Restatement of the Law 2d, Torts (1979), section 929(1). Furthermore, a judgment will not be reversed by a reviewing court as being against the manifest weight of the evidence if it is supported by some competent, credible evidence going to all the essential elements of the case. C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 280.
 {¶ 15} In this case, Willman testified that he planned to farm the disputed parcel under a cash rent agreement in both 2000 and 2001 for $85 per acre. Willman also testified that the disputed parcel was treated as 5 acres for rental purposes. Paul Krupp testified he had planned to cash rent the disputed parcel to Willman in both 2000 and 2001 for $85 per acre. Paul Krupp also testified that he was prevented from cash-renting the disputed parcel to Willman because the Leddicks farmed the disputed parcel in 2000 and 2001. Based on the above testimony, we find competent credible evidence that Paul Krupp suffered a loss of use as a result of the Leddick's trespass and proved damages of $85 per acre per year, for five acres over two years, equaling $850. Based on the foregoing, the Leddick's second assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 HADLEY and WALTERS, JJ., concur.