[Cite as *Dahmen v. Black*, 2018-Ohio-3538.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT DAHMEN, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | CASE NO. 2018-T-0021 |
| KATHERINE BLACK, et al., | : | |
| Defendants/Third Party Plaintiffs-Appellants, | : | |
| | : | |
| KEVIN DAHMEN, et al., | : | |
| Third Party Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CV 01292.

Judgment: Affirmed.

*Gilbert L. Rieger* and *David D. Daugherty*, Rieger, Carpenter & Daugherty, 2833 Elm Road, N.E., P.O. Box 1429, Warren, OH 44483 (For Plaintiffs-Appellees).

*Michael D. Rossi*, Guarnieri & Secrest, 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Defendants/Third Party Plaintiffs-Appellants).

*David A. Shepherd*, Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481 (For Third Party Defendants-Appellees).

DIANE V. GRENDELL, J.

{¶1} Defendants/third party plaintiffs-appellants appeal the judgment of the Trumbull County Court of Common Pleas, holding, in part, that plaintiffs-appellees and third party defendants-appellees established a prescriptive easement across their

property. The issue before this court is whether the element of adversity in a claim for easement by prescription may be established where the claimant is under the mistaken belief that he is using the land permissively. For the following reasons, we affirm the decision of the court below.

{¶2} On June 5, 2012, Robert Dahmen, Joann Dahmen, Glenn H. Smith, and Sandra L. Smith filed a Complaint against Katherine Black and Darryl Black in the Trumbull County Court of Common Pleas. The plaintiffs sought: a declaration "that an express and/or prescriptive easement has been created for the perpetual existence and maintenance of a 15" culvert pipe on Defendants' property"; compensatory and punitive damages for the destruction of the culvert pipe; and "a mandatory injunction ordering the Defendant[s] to re-install the 15" culvert pipe and to take all other action necessary to alleviate and eliminate the surface water flooding problem on Plaintiffs' property."[1]

{¶3} On June 27, 2013, the defendants filed an Amended Answer and Counterclaim, adding Kevin Dahmen and Kraig Dahmen as counterclaim defendants. The defendants/counterclaim plaintiffs sought compensatory, punitive, and statutory (R.C. 901.51) damages for crop damage caused by the plaintiffs discharging water onto their property.

{¶4} On September 4, 2013, the plaintiffs filed a Reply to the Counterclaim and, on October 15, 2013, the counterclaim defendants filed their Answer and Counterclaim against the defendants raising the same claims as those raised in the original Complaint.

---

1. At trial Glenn Smith testified with respect to the pipe size: "It's been measured by several different people, and they tell me that I was off on the measurement, that it's an 18-inch pipe."

**{¶5}** On November 12, 2013, the defendants filed a Reply to the Counterclaim.[2]

**{¶6}** On April 21, 2015, the matter was tried before a magistrate.

**{¶7}** On June 12, 2015, the Magistrate's Decision (Nunc Pro Tunc) was issued. The magistrate found, in relevant part:

> In 1986 Glenn H. Smith [plaintiff] constructed an 18-inch concrete pipe from the Smith lands across the Black lands and into a watercourse located on the Black lands for drainage purposes. The 18-inch concrete pipe was installed pursuant to an oral agreement with Elkins Hardesty, the late spouse of [defendant] Katherine Black Hardesty and, at one time, an operator of the Black farm. * * * [I]ts installation was adverse to the property rights of the owners of the Black lands as, although Glenn Smith received permission from Elkins Hardesty to install the pipe, he did not have permission from the <u>owner</u> of the property to install the 18-inch concrete pipe across Black lands. * * * As to the claim of the Defendants that the use was permissive, the Magistrate is not persuaded. The only permission given was from Elkins Hardesty, who was <u>not</u> the owner of the land. The Defendants offered no testimony that they as the landowners were aware of or acquiesced in Elkins Hardesty's permission. To the contrary, Dar[r]yl Black disingenuously testified not to have known about the pipe, even though it was not hidden or obscured in any way, until 2009 or 2010, and explicitly testified that <u>he</u> did not give Smith permission to build the pipe.

**{¶8}** The magistrate held that the "existence of a prescriptive easement has been established" and that the defendant (Darryl Black) "interfered with Plaintiffs' use and enjoyment of the prescriptive easement when he intentionally crushed the 18-inch concrete pipe, interrupting the flow of water through it." The defendants were ordered to "immediately repair the 18-inch pipe and restore the flow of water across the property to Mosquito Creek Reservoir" and "be forever enjoined from interfering with Plaintiffs' use and enjoyment of this prescriptive easement." The magistrate also found that the defendants were entitled to compensatory damages in the amount of $5,246.00 for

---

2. For the sake of clarity, the Dahmens and Smiths, as plaintiffs, counterclaim defendants, and counterclaim plaintiffs, will be referred to collectively as "the plaintiffs." The Blacks, as defendants, counterclaim plaintiffs, and counterclaim defendants, will be referred to as "the defendants."

3

"crop losses" and for "time and equipment to restore their property and remove and replace saturated soil" in addition to statutory damages pursuant to R.C. 901.51.

{¶9} On June 26 and August 14, 2015, the plaintiffs filed Objections and Supplemental Objections to the Magistrate's Decision.

{¶10} On January 30, 2018, the defendants filed a Motion for Leave to Untimely File Cross-Objections to Magistrate's Decision, Instanter.

{¶11} On February 15, 2018, the trial court denied the defendants' Motion for Leave and adopted, in part, the Magistrate's Decision. The court reduced the amount of compensatory damages the defendants were entitled to receive to $1,406.00 plus statutory damages but, in other respects, affirmed the judgment of the magistrate.

{¶12} On March 6, 2018, the defendants filed a Notice of Appeal. On appeal, they raise the following assignment of error:

{¶13} "[1.] The trial court erred in entering judgment of prescriptive easement in favor of Plaintiffs-Appellees."

{¶14} The defendants contend that the plaintiffs failed to establish, by clear and convincing evidence, all the elements for an easement by prescription. Specifically, the plaintiffs did not establish that their use was under a "claim of right." *Pavey v. Vance*, 56 Ohio St. 162, 173, 46 N.E. 898 (1897) ("[t]he establishment of the claim * * * necessarily requires proof that the use was adverse to the real owner, and under a claim of right"). The defendants maintain that, "by first seeking the permission of Hardesty, the presumed owner of [the] Blacks' property, Glenn Smith never installed his pipe 'under a claim of right.'" Appellant's brief at 5.

{¶15} As noted by the plaintiffs, the defendants' failure to file objections to the Magistrate's Decision restricts the scope of this court's review to plain error. Civ.R. 53(D)(3)(b)(iv) ("[e]xcept for a claim of plain error, a party shall not assign as error on

4

appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)"). "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶16} We find no plain error in the lower court's decision. "An easement by prescription may be acquired by open, notorious, continuous, and adverse use for a period of 21 years." *Pennsylvania RR. Co. v. Donovan*, 111 Ohio St. 341, 145 N.E. 479 (1924), syllabus. With respect to the requirement that the use be adverse (or hostile), "it is not necessary to show that there was a heated controversy, or a manifestation of ill will, or that the claimant was in any sense an enemy of the owner of the servient estate; the facts which prove hostility might greatly differ in different cases, and it has been held in many cases that it is sufficient if the use is inconsistent with the rights of the title owner and not subordinate or subservient thereto." *Kimball v. Anderson*, 125 Ohio St. 241, 244, 181 N.E. 17 (1932).[3]

{¶17} "Such use never ripens into a prescriptive right unless the use is adverse and not merely permissive." *Pennsylvania RR. Co.* at syllabus. "[W]here the owner of

---

3. Use of land "under a claim of right" is not an element of a prescriptive easement claim as much as it is an aspect of the element that the use be "adverse" or "hostile." *See Shanks v. Floom*, 162 Ohio St. 479, 482, 124 N.E.2d 416 (1955) ("[h]ostile use is sometimes described as possession and use under a claim of right") (citation omitted); *Schmiehausen v. Zimmerman*, 6th Dist. Ottawa No. OT-03-027, 2004-Ohio-3148, ¶ 28 ("adverse use and claim of right are sometimes consolidated into the term 'hostile'") (citation omitted); *Crawford v. Matthews*, 4th Dist. Scioto No. 97CA2555, 1998 WL 720734, *4 (Sept. 21, 1998) ("[A claim of right] is not a literal requirement but rather a way of showing that other elements have been met") (citation omitted).

the servient estate claims that the use was permissive, he has the burden of showing it." *Pavey*, 56 Ohio St. 162, 46 N.E. 898, at paragraph one of the syllabus.

{¶18} Here, the undisputed evidence is that the actual owner of the servient estate never gave permission for the plaintiffs to construct a pipe across their lands. With respect to the plaintiffs' mistaken belief that they had been granted permission, the defendants have cited no law for the proposition that the use of the property be *intentionally* adverse. On the contrary, there is case law to support the magistrate's conclusion on this issue. *See Chappell & Zimmerman, Inc. v. Schiller*, 7th Dist. Columbiana No. 01-CO-19, 2002-Ohio-1543, ¶ 24 ("it is irrelevant whether appellee believed it had permission to use the road," since "'[a]dverse use may be established even though the landowners are mutually mistaken as to the right to use the land'") (citation omitted); *Crawford v. Matthews*, 4th Dist. Scioto No. 97CA2555, 1998 WL 720734, *4 (Sept. 21, 1998) ("[a]ppellee's mistaken, subjective belief as to the identity of the property's owner and his mistaken, subjective belief that he was using the property permissively, is, we believe, of no consequence" as "[t]he pertinent inquiry is whether appellee's use was, in fact, adverse vis-a-vis appellant, the property's true owner"); *Papesh v. Gem Boat Serv., Inc.*, 6th Dist. Ottawa No. OT-89-18, 1990 WL 125677, *3 (Aug. 31, 1990) ("[u]se of property under a mistaken belief of ownership is * * * sufficient to constitute a claim of right").

{¶19} The sole assignment of error is without merit.

{¶20} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed. Costs to be taxed against the appellants.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

6