[Cite as *Gallaher v. Gelske*, 2022-Ohio-3097.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

TIMOTHY GALLAHER, ET AL.,

    PLAINTIFFS-APPELLANTS,           CASE NO. 7-22-02

    v.

FRANCIS GELSKE, ET AL.,             O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Henry County Common Pleas Court
Trial Court No. 21CV0023

Judgment Affirmed

Date of Decision: September 6, 2022

APPEARANCES:

    *Zachary J. Murry* for Appellant

    *Kayla A. Baker* for Appellee

**ZIMMERMAN, P.J.**

{**¶1**} Plaintiffs-appellants, Timothy and Deanna Gallaher (jointly as the "Gallahers"), appeal the judgment of the Henry County Court of Common Pleas dismissing their claim for declaratory judgment to quiet title (based upon the doctrine of adverse possession) and their claim for injunctive relief (against the defendants-appellees, Francis and Kelly Gelske (jointly as the "Gelskes")), and granting the Gelskes' claims to quiet title and for ejectment.

{**¶2**} This case stems from the Gallahers' purchase of his parent's property located on County Road 424, Liberty Center, Henry County, Ohio in 2017 and his ensuing use of a *portion* of an adjacent landowner's property (to the west) identified as parcel number 30040014000 and owned by the Gelskes.[1]  The Gelskes' purchased their property from Timothy Woodyard ("Woodyard"), in 2020. Woodyard purchased the property in 1986.

{**¶3**} On March 22, 2021, the Gallahers filed a complaint in the trial court against the Gelskes for a declaratory judgment to quiet title under the doctrine of adverse possession.  They further requested injunctive relief.  On April 9, 2021, the Gelskes' filed their answer and counterclaims to quiet title and for ejectment of the Gallahers.

---

[1] It is unclear from our review of the record precisely how much of the adjacent landowner's property was actually being utilized by the Gallahers; although, in their complaint, the Gallahers assert it is +/- 0.341 acres.

{¶4} On December 16, 2021, the Gelskes' filed a motion for summary judgment as to all claims against the Gallahers. (Doc. No. 24). The Gallahers' filed a memorandum in opposition to the Gelskes' motion for summary judgment and cross-motion for summary judgment on January 18, 2022. (Doc. No. 29).

{¶5} On April 1, 2022, the trial court granted summary judgment in favor of the Gelskes as to all of their claims and denied the Gallahers' motion for summary judgment as to all of their claims. (Doc. No. 36).

{¶6} The Gallahers' filed timely notice of appeal and raise two assignments of error for our review.

**Assignment of Error No. I**

**The trial court committed reversible error in [sic] entering judgment as a matter of law in favor of Defendants-Appellees.**

**Assignment of Error No. II**

**The trial court committed reversible error by denying Plaintiffs-Appellants' Motion for Summary Judgment.**

{¶7} In their assignments of error, the Gallahers' assert that the trial court erred by granting the Gelskes' motion for summary judgment and denying their respective motion for summary judgment. Specifically, the Gallahers' argue that the trial court erred by failing to determine that they had properly acquired ownership and possession of the property in question through adverse possession.

*Standard of Review*

**{¶8}** We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

**{¶9}** "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

{¶10} Material facts are those facts "that might affect the outcome of the suit under the governing law." *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). "Whether a genuine issue exists is answered by the following inquiry:  Does the evidence present 'a sufficient disagreement to require submission to a jury' or is it 'so one-sided that one party must prevail as a matter of law[?]'" *Id.*, citing *Anderson* 477 U.S. at 251-252, 106 S.Ct. at 2507.

*Adverse Possession*

{¶11} Adverse possession is a means of acquiring title to property through hostile possession by lapse of time. *Anderson v. Village of Alger*, 3d Dist. Hardin No. 6-98-10, 1999-Ohio-777, *3 (May 14, 1999), citing *Montieth v. Twin Falls United Methodist Church, Inc.*, 68 Ohio App.2d 219, 224 (9th Dist.1980).  Title to property by adverse possession ripens into an absolute interest after the statutory period expires. *Ohio Dept. of Adm. Serv. v. Morrow*, 67 Ohio App.3d 225, 234 (4th Dist.1990).  At the same time, the record owner is divested of his estate in the subject property. *Id.*; *see also McNeely v. Langan*, 22 Ohio St. 32, 37 (1871).  However, the transfer of property by adverse possession is generally disfavored. *Montieth* at 224.

{¶12} The Supreme Court of Ohio has held that in order to acquire title by adverse possession, a party most prove, by clear and convincing evidence, exclusive

possession and open, notorious, continuous, and adverse use for a period of 21 years. *Grace v. Koch*, 81 Ohio St.3d 577 (1998), paragraph one of the syllabus. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. The elements of adverse possession are stringent because a successful action "results in a legal titleholder forfeiting ownership to an adverse holder without compensation." *Grace* at 580.

{¶13} "[T]he burden of proving adverse possession falls upon the party asserting title through such possession." *Thompson v. Hayslip*, 74 Ohio App.3d 829, 832 (4th Dist.1991). Failure of proof as to any of the elements results in the failure to acquire title by adverse possession. *Grace* at 579, citing *Pennsylvania R. Co. v. Donovan*, 111 Ohio St. 341, 349-350 (1924). Moreover, each case of adverse possession must be evaluated on its particular facts, and such a claim is to be "'construed strictly in favor of the owner of * * * title.'" (Omission sic.) *Montieth* at 224, quoting 2 Corpus Juris Secundum, Adverse Possession, Section 5, at 648-649.

*Analysis*

{¶14} Although the Gallahers' raise arguments related to all of the elements of adverse possession, and because it is dispositive of Gallahers' assignments of error, we need only address whether a genuine issue of material fact remains as to

the Gallahers' *adverse* use of the property for the 21-year statutory period.  Since the Gallahers' purchased their property from Timothy Gallaher's parents (Dennis and Jeanette Gallaher) in 2017 (whom the Gallahers' argue also adversely possessed Woodyard's property since 1988), we look to the record on appeal as to whether a genuine issue of material fact exists regarding the Gallahers' parents' adverse use of the Gelskes' predecessor in interest, Woodyard's property.

{¶15} Where successive possessors of real property are asserting adverse uses, privity must be established between the possessors.  Privity of possession is the "successive possession of real property."   Black's Law Dictionary (11th ed.2019).   In order to tack adverse uses, it must be established that (a) the parties and their predecessor are in privity, (b) the property was sequentially and continuously used, (c) the property was used in the same or similar manner, and (d) that the use was open, notorious, and *adverse* to the titleholder's interest.  (Emphasis added.)  *McNeely v. Langan*, 22 Ohio St. 32 (1871).  S*ee also Zipf v. Dalgarn*, 114 Ohio St. 291, 296 (1926).

{¶16} Importantly, evidence from Woodyard's *uncontroverted* deposition testimony reveals that Woodyard permitted the Gallahers (Dennis & Jeanette) to mow approximately 10 feet of his property to "square off" their backyard to curb their weeds.[2]  (Lester Woodyard Depo. at 7-8).  To us, Appellant's "use" of the land

---

[2] Significantly, Dennis Gallaher was deceased at the time of the action was filed in the trial court, and Jeanette Gallaher was in hospice unable to appear for any court proceedings or to offer deposition testimony.

subject to their adverse-possession claim is the 10-foot stretch of land mowed (over the years) and not the one third of an acre set forth in the Gallaher's complaint.

{¶17} However, even if we assume without deciding that the Gallahers are in privity with Timothy's parents and that the property was sequentially and continuously used in a similar manner, in our de novo review, we conclude that there is no genuine issue of material fact that the Gallahers' can meet the 21-year statutory requirement of adverse use since it is *undisputed* in the record that Woodyard *permitted* Timothy's parents to use the property by mowing a 10 foot stretch of land to contain weeds.  Thus, we conclude that there is no genuine issue of material fact that Timothy Gallaher's parents' use was ever adverse to Woodyard. Hence, even though the Gallahers and their predecessor in interest are in privity as to their use of the property, such use is *not* subject to tacking because Timothy's parents' use was permissive.

{¶18} Accordingly, the trial court did not err by granting summary judgment in favor of the Gelskes as to their claims seeking to quiet title and ejectment of the Gallahers and by denying the Gallahers' motion for summary judgment against the Gelskes.  Based upon the foregoing, the Gallahers' first and second assignments of error are overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER and SHAW, J.J., concur.**

**/jlr**